Burson *v.* Cowles.

---

JAMES N. BURSON ON HIS OWN BEHALF, AS WELL AS ON BEHALF OF THE PEOPLE OF THE STATE OF CALIFORNIA *v.* SAMUEL COWLES, COUNTY JUDGE OF THE CITY AND COUNTY OF SAN FRANCISCO.

APPEAL TO COUNTY COURT.—An appeal to the County Court lies from a judgment rendered in a Justice's Court in an action brought to recover the penalty for an overcharge, pursuant to the provisions of the Act of the 14th of April, 1863, concerning street railroads in this State.

CIVIL ACTIONS.—Where the Legislature creates a right of action, and makes no special provisions for its enforcement other then by directing that a civil action may be brought for that purpose, such action may be commenced and prosecuted pursuant to the provisions of the general law regulating proceedings in civil cases, and parties to such actions make take all steps authorized thereby.

PETITION to the Supreme Court for a writ of prohibition to the County Judge of the City and County of San Francisco.

Plaintiff recovered judgment in the Justice's Court in San Francisco against the Omnibus Railroad Company for the sum of two hundred dollars, for having charged him six and one quarter cents each for four tickets for passage, and defendant appealed to the County Court. In the County Court plaintiff moved that the appeal be dismissed, which motion was denied. Plaintiff then applied to the Supreme Court for a writ of prohibition commanding the County Judge to desist from all further proceedings in the case.

*J. A. Fletcher*, for Petitioner.

All proceedings under a special Act must be had by authority of the Act itself. (*Dorsey* v. *Barry*, 24 Cal. 449; *Cosgrave* v. *Howland*, 24 Cal. 457.)

*Wm. H. L. Barnes*, for Defendant.

The amendment of 1854, which is the law now in force, provides that:

"Any party dissatisfied with a judgment rendered in a Justice's Court, may appeal therefrom to the County Court of the county at any time within thirty days after the rendition of the judgment." (Prac. Act, Sec. 624.)

And the Judiciary Act, passed May 19, 1853, at section forty-three, provides:

" The County Court shall have jurisdiction to hear and determine *all civil causes* appealed thereto from a Justice's, Mayor's, or Recorder's Court, in the county."

Certainly no legislation was necessary in the passage of this "Act concerning street railroads," in order to give the right of appeal from a judgment of a Justice's Court in a civil action. It had already been given in the broadest terms in all actions.

By the Court, SANDERSON, C. J.

This is an application for a writ of prohibition to be directed to the Hon. Samuel Cowles, County Judge of the City and County of San Francisco, commanding him to desist from all further proceedings in a certain suit taken to his Court by appeal from a Justice's Court, on the ground that no appeal is given by law in the action in question. The action referred to was brought by Burson to recover of the Omnibus Railroad Company the sum of two hundred dollars for alleged overcharges, pursuant to the provisions of the Act of the 14th of April, 1863, concerning street railroads in this State. (Statutes 1863, p. 296.) The only question involved in the case is as to whether an appeal in such an action is allowed, from the judgment of the Justice's Court to the County Court.

It is claimed on the part of the petitioner that the judgment of the Justice's Court is a final judgment, from which there is no appeal; and in support of this proposition it is argued that the action authorized by the provisions of the Act in question is not an ordinary civil action, in which the method of procedure is found in the Practice Act, but, on the contrary, that it is a proceeding in its character summary and governed solely by the provisions of the statute creating it, and hence, no appeal being given in terms, the right to an appeal does not exist.

The Act in question provides a penalty for overcharging in the sum of two hundred dollars, and that it may be recovered in a civil action in any Justice's Court in the county, or in the city and county, as the case may be, in which the street railroad is situated. Beyond the words " *civil action* " the Act contains no terms descriptive of the nature and character of the proceeding authorized by its provisions. The words " civil action" are not restricted or qualified in any manner. No mode of issuing or serving summons is prescribed. No provision for a trial or the other various steps incident to an action is made. On the contrary, the Act is entirely silent upon the mere mode of procedure except in so far as the same is im-

68

ported by the term " civil action ;" and we fail to find in the Act any provision which at all distinguishes the "civil action" therein mentioned from any other civil action. The clause making the plaintiff in the action a competent witness, in his own behalf, in no respect can be said to affect the mode of procedure ; but if it did, it would not distinguish it from the mode adopted in other civil actions, for the same provision existed in the Practice Act at the time the Act in question became law. The same is true of the clause which directs the distribution and payment of the judgment when collected. (Section 633 of the Practice Act.)

Thus the Act merely creates a cause of action to be enforced in a " civil action " in a Justice's Court. In this State there is but one form of civil action, and but one mode of procedure therein, which is prescribed by the Practice Act. By the six hundred and twenty-fourth section of that Act, "any party dissatisfied with a judgment rendered in a Justice's Court may appeal therefrom to the County Court of the county at any time within thirty days after the rendition of the judgment."

Where the Legislature creates a right of action and makes no special provisions for its enforcement, other than by directing that a civil action may be brought for that purpose, such action may be commenced and prosecuted pursuant to the provisions of the general law regulating proceedings in civil cases, and parties to such actions may take any and all steps authorized thereby.

The writ is denied.