## JOHN W. REED v. THE OMNIBUS RAILROAD COMPANY.

FORFEITURE CREATED BY STATUTE.—When a forfeiture of a sum stated, and the right to enforce that forfeiture, are of purely statutory creation—whether the forfeiture is treated as a penalty for extortion, or as liquidated damages—no other process or procedure can be made use of to enforce the forfeiture, than that which the statute itself prescribes.

IDEM.—The above principle is as applicable to cases of private wrongs and rights and remedies of statute creation, as it is to public offences and modes of punishment unknown to the common law.

JURISDICTION IN CASES OF FORFEITURE.—When a statute creating the new right and a particular remedy for violation thereof, provides that the remedy must be pursued in a particular Court, no other Court has jurisdiction.

IDEM.—The District Courts have no jurisdiction of actions to recover a forfeiture imposed upon a railroad company by statute for charging a passenger an excess of fare, if the Act prescribing the forfeit also provides that the action for its recovery shall be brought in a Justice's Court.

JUSTICES' COURTS—CONSTITUTIONAL LAW.—The Act requiring actions to recover a penalty or forfeiture imposed upon a railroad company, for charging a passenger an excess of fare, to be brought in Justices' Courts, is not unconstitutional.

UNCONSTITUTIONAL CLAUSE IN ACT.—A clause in an Act containing an unconstitutional provision, will vitiate the whole Act if it enter so entirely into the scope and design of the law that it would be impossible to maintain it without the obnoxious provision.

APPEAL from the District Court, Fifteenth Judicial District, City and County of San Francisco.

The defendant was a corporation engaged in transporting passengers for hire over a street railroad in the City of San Francisco in cars propelled by horse power. The complaint averred that at divers times between the 19th of October and 15th of November, 1864, the plaintiff had purchased of the defendant one passage and three tickets for passage, for which, at each time, the defendant demanded and the plaintiff paid twenty-five cents—being six and one fourth cents for each ticket. The action was brought as well on the part of the plaintiff as on behalf of the State of California. The Court below sustained the demurrer, and the plaintiff declining to amend, gave final judgment for defendant. The plaintiff appealed.

The other facts are stated in the opinion of the Court.

*J. A. Fletcher,* for Appellant.

Has the District Court jurisdiction? This question depends upon another question, viz: Can the several causes of action contained in the complaint be united under the sixty-fourth section of the Practice Act?

The District Court derives its jurisdiction from the Constitution, and therefore it has original jurisdiction in all civil cases where the sum in controversy amounts to or exceeds the sum of three hundred dollars, and when the "legality of a tax" is involved (which is this case.) Consequently, if the several causes of action can be united, the sum involved will exceed that amount, and the District Court has jurisdiction under the Constitution; if they cannot be united, then the sum involved is less than three hundred dollars, and the District Court has jurisdiction only from the Federal tax being involved.

This is an action against a corporation for a violation of its charter (Acts 1861, p. 188, Sec. 5.) The remedy is given

by another Act, (Acts 1863, p. 296,) and is to be sought in a "civil action."

The Act (Acts 1863, p. 296) under which recovery is sought has received an interpretation by this Court in the case of *Burson* v. *Cowles*, 25 Cal. 535. That part of the Act providing that the penalty may "be collected in any Justice's Court," is mere surplusage. *The Act merely creates the cause of action*, and whether the jurisdiction is in a Justice's or a District Court, depends solely on the amount involved. If it is three hundred dollars or more, it is in a District Court, by the Constitution; if less than three hundred dollars, it is in a Justice's Court, and the Legislature has no power to curtail the constitutional jurisdiction of the District Court, or to confer concurrent jurisdiction on Justices' Courts. (New Constitution, Art. VI, Secs. 6, 8, 9.)

If the Act had imposed five hundred dollars instead of two hundred dollars, the jurisdiction would be in the District Court, notwithstanding the Act says it is "to be recovered in a Justice's Court."

If the present Act provided that the penalty should be recovered in a District Court *only*, the District Court would not thereby have *gained* nor the Justice's Court have *lost* jurisdiction of an action for a single violation. It is only by uniting several causes of action, and thus increasing the amount involved, that the jurisdiction can be moved from the Justice's to the District Court.

The Legislature can create liabilities; but the jurisdiction of the District Court to enforce them is given by the Constitution, and is *absolute* and beyond the reach of legislation. (*Zander* v. *Coe*, 5 Cal. 232; *People* v. *Fowler*, 9 Cal. 86.)

*Casserly & Barnes*, for Respondent.

In all this class of cases, the rule is settled by an unbroken and conclusive line of authority from the earliest time to the present, that where a statute, creating a new liability unknown to the common law, gives a penalty and designates

the mode and form of proceeding for its recovery, including the enforcing tribunal, this designation forms a part of the right and the liability, and all other modes of proceeding and jurisdictions are excluded.

In the great case concerning "Penal Statutes," (7 Coke, 36,) the decision, though directed chiefly against the attempt of the Queen to usurp the control of penal statutes, discusses the general law of the subject, and lays down the rule as to the enforcement of such statutes. (7 Coke, 37 *a*; *Castle's Case*, Cro. James, 644; *Rex* v. *Robinson*, 2 Burr, 803; *Millar* v. *Taylor*, 4 Burr, 2,319–23; *Smith* v. *Drew*, 5 Mass. 514; *Andover, etc., Turnpike Co.* v. *Gould*, 6 Mass. 44; *Wiley* v. *Yale*, 1 Met. 533; *Elder* v. *Beamis*, 2 Met. 554; *Commonwealth* v. *Howes*, 15 Pick. 232; *Clark* v. *Brown*, 18 Wend. 220.)

The same doctrine is decided or recognized in numerous other cases and authorities. (*Rochester* v. *Bridges*, 1 B. & Ad. *859; *Stevens* v. *Jeacotce*, 11 Ad. & Ell., N. S., 741–2; *Couch* v. *Steel*, 3 Ellis & B. *412, 414–15; *Camden* v. *Allen*, 2 Dutch. 403; *Butler* v. *Slate*, 6 Port., Ind., 168; *Renwick* v. *Morris*, 7 Hill, 576; *Henniker* v. *C. V. R. R.*, 9 Fost. 152; *Stafford* v. *Ingersoll*, 3 Hill, 41–2.)

Obviously, the general rule enforced literally as to the mere form of the action would be applied with the utmost power in favor of the Court specified in the Act, to the exclusion of all others. On this point the cases are naturally not so numerous as on the other, nor are they required to be, the point being clear without them. (*Dudley* v. *Mayhew*, 3 Comst. 9, 15, 16, and cases cited; *Dundalk W. R. W. Co.* v. *Tapster*, 1 Ad. & Ell., N. S., 667; *Berkley* v. *Elderkin*, 1 Ellis & Bl. 806; *Aldrich* v. *Hawkins*, 6 Blackford, 125.)

By the Court, SHAFTER, J.:

By the Act under which the defendant claims its franchise, (Acts 1861, p. 187, Sec. 5,) the fare for a passenger is limited to five cents when two or more passages or tickets for passages are purchased; and by an Act approved April 14th, 1863, it is provided that "if any street railroad company shall demand or receive any greater sum, it shall forfeit to the person from whom such demand shall be made or such money shall be received, as well as for the State of California, for every such demand or receipt, the sum of two hundred dollars, to be recovered in a civil action in any Justice's Court in the county, or city and county, in which such street railroad is situated." (Acts 1863, p. 297, Sec. 1.) This suit is brought to recover forty thousand dollars, the aggregate of two hundred distinct forfeitures under the Act. The complaint contains two hundred counts based upon as many distinct violations of the statute. The complaint was demurred to on the ground: First—That the District Courts have no jurisdiction of the subject of the action; and second, that several causes of action have been improperly united in the complaint. Of these objections, we shall have occasion to consider the first one only.

It is a matter of no moment, so far as the jurisdictional question is concerned, whether the forfeiture of two hundred dollars, provided for in the Act of 1863, is treated as a penalty for extortion, as claimed by the defendant, or as liquidated damages, as claimed by the plaintiff. In either event the obligation of the company to pay the sum designated, and the right of the passenger to enforce the obligation in his own and the State's behalf, are of purely statute creation. This, though made a topic of discussion, is quite too plain for argument; and it follows that no other process or procedure can be made use of to enforce a performance of the obligation than that which the statute itself prescribes. The doctrine upon this subject is settled by a long and unbroken series of decisions, and may now well be regarded

as one of the elementary truths of the law.  (*Rix* v. *Robinson*, 2 Burr. 803, 805 ; *Miller* v. *Taylor*, 4 Burr. 2,319, 2,323.)   The principle is as applicable to cases of private wrongs, and rights and remedies of statute creation, as it is to public offences and modes of punishment unknown to the common law.  *Andover Turnpike Co.* v. *Gould*, 6 Mass. 44, was an action of assumpsit to recover certain assessments on a share of capital stock of the plaintiff held by the defendant.   The Act of incorporation provided a method of collecting delinquent assessments by a sale of the shares.   Mr. Chief Justice Parsons said : " It is a rule founded in sound reason that where a statute gives a new power, and at the same time provides the means of executing it, those who claim the power can execute it in no other way."   The defendants had judgment.   *Willis* v. *Yale*, 1 Met. 553, was an action of trespass on the case to recover back threefold the amount of usurious interest alleged to have been paid by the plaintiff to the defendant.   The defendant moved an arrest on the ground that as the statute had given an action of debt or bill in equity, trespass on the case would not lie.   Mr. Chief Justice Shaw said : " When a statute gives a new right and prescribes a particular remedy for its recovery, such remedy must be strictly pursued ; though it is otherwise where a statute gives a right without prescribing a remedy.   In the latter case the common law affords the remedy, and any suitable form of action may be adopted."

When the statute creating the new right and prescribing a particular remedy for violation thereof, provides that the remedy must be pursued in a particular Court, the rule we are considering excludes all other jurisdictions.   The forum named in the statute is an element in the method of redress, and that method is at once integral to the remedy and to the right.  *Dudley* v. *Mayhew*, 3 Coms. 9, was a bill filed to restrain the infringement of a patent right.   The question was as to the jurisdiction of the State Courts in such cases. It was held that when a person is confined to a statutory

remedy on a statute right, the party must take it as conferred; that where the enforcing tribunal is specified, the designation forms a part of the remedy and all others are excluded.   *Aldridge* v. *Hawkins*, 6 Blackford, 125, was a suit for several penalties, under a statute which provided for their collection " by action before a Justice of the Peace." Objection was taken to the jurisdiction of the Circuit Court, in which the action was brought.   It was held that the statute must be strictly followed, and that no Court other than that on which the new jurisdiction was conferred could enforce the law.   This case is fully sustained by *Dundalk W. R. Co.* v. *Tapster*, 1 Ad. & Ell., N. S., 667, and *Berkeley* v. *Ederkin*, 1 Ell. & Bl. 806.   It is insisted by plaintiff's counsel, however, that the case of *Aldrich* v. *Hawkins* is not in point, for the reason that the jurisdiction of the Circuit Courts in Indiana is not derived from the Constitution of the State, but from an Act of the Legislature.   The case is not cited as authority on any constitutional question, nor does it in fact bear upon any such question.   It goes simply to the point that a right of statute creation must be enforced in the particular way which the statute prescribes, and that if jurisdiction over the remedy is conferred on a particular tribunal, such jurisdiction is exclusive in it.

But it is urged that the Act of 1863 is unconstitutional and void, in so far as it gives exclusive jurisdiction to Justices of the Peace of actions brought for the recovery of forfeitures arising under it, and on either of two grounds : First, for the reason that the provision infringes upon the original jurisdiction of the District Courts, attested by the amount of the demand in controversy ; and Second, for the reason that a suit brought for the recovery of a forfeiture necessarily involves the legality of a tax.   In arguing the first ground, counsel takes and limits himself to the position that " the question depends upon whether the several causes of action contained in the complaint can be united under the sixty-fourth section of the Practice Act."

While the Practice Act may be tested by the Constitution,

it is not perceived how the constitutionality of one Act of the Legislature can be tested by the provisions of another. The Act relating to the joinder of actions was not passed in pursuance of any constitutional requirement, and is completely under legislative control. It is therefore hardly allowable to claim even in argument that the sixty-fourth section of the Practice Act is a limitation upon legislative power. Counsel cites *Burson* v. *Cowles*, 25 Cal. 535. But that case decided simply that an appeal lies to the County Court from the judgment of a Justice of the Peace rendered in an action brought for the recovery of a forfeiture under the Act of 1863, now in question. But because an appeal lies in such case to the County Court, it does not follow that the Act confers unconstitutional power upon Justices of the Peace; nor does it follow that there can be any other than the statute remedy for the new statute right.

As to the second ground upon which it is insisted by the plaintiff's counsel that the provision of the Act which gives Justices of the Peace exclusive original jurisdiction over cases arising under it is unconstitutional, it is sufficient for present purposes to say that while the point may be fatal to the demurrer, it must be equally fatal to the action. The Act of 1863 is an entirety, and all of its parts must stand or fall together. It is manifest that it was the legislative intent that the forfeitures for which the Act provides should be enforced by a civil action brought on behalf of the party aggrieved and the State, before a Justice of the Peace. If that intent cannot be effected to the whole extent of it, then the Act is fallacious as a whole. The right and the remedy are so interblended that they cannot be separated. An Act containing an unconstitutional provision will vitiate the whole Act if it enter so entirely into the scope and design of the law that it would be impossible to maintain it without the obnoxious provision. (*People* v. *Hill*, 7 Cal. 103.)

The judgment is affirmed.