FREDERICK H. SMITH, ON HIS OWN BEHALF AND ON BEHALF OF THE STATE OF CALIFORNIA *v.* THE OMNIBUS RAILROAD COMPANY.

STREET RAILROAD COMPANY—JURISDICTION OF ACTIONS FOR FORFEITURES AGAINST.— The District Court has no jurisdiction of an action to recover a forfeiture or penalty upon a railroad company for charging a passenger an excess of fare, as prescribed in the Act "concerning street railroads in this State," (Stats. 1863, p. 296.) *Reed* v. *The Omnibus Railroad Company,* 33 Cal. 212, affirmed.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

This was an action against the defendant to recover thirty-one thousand four hundred dollars, being the aggregate sum of one hundred and fifty-seven forfeitures which were alleged in the plaintiff's complaint to have been incurred by the defendant, by reason of an overcharge exacted of the plaintiff by the defendant on the purchase by him, at divers times, of one hundred and fifty-seven tickets for fares over the defendant's street railroad in San Francisco. The defendant demurred to the complaint, on the ground, among others, that the Court had no jurisdiction of the action. The Court sustained the demurrer, and judgment final passed for the defendant. The plaintiff appealed. The other facts are in all respects similar to those in *Reed* v. *The Omnibus Railroad Company,* reported in 33 Cal. 212.

*J. A. Fletcher,* for Appellant.

*E. Casserly*, and *W. H. L. Barnes*, for Respondent.

The points and authorities presented in the briefs of counsel are essentially the same as in *Reed* v. *Omnibus Railroad Company*, 33 Cal. 212.—[REPORTER.]

By the Court, SANDERSON, J.:

This case is not distinguishable from *Reed* v. *The Omnibus Railroad Company*, 33 Cal. 212, and *Taber* v. *The Omnibus Railroad Company*, decided at the October Term, 1867, [not reported,] and upon the authority of those cases the judgment must be affirmed.

So ordered.

By the Court, SPRAGUE, J., on rehearing:

This case was decided at the April Term, 1868, upon the authority of *Reed* v. *The Omnibus Railroad Company*, 33 Cal. 212; and *Taber* v. *The Omnibus Railroad Company*, [not reported.] A rehearing having been granted upon petition of appellant, it is again submitted upon additional oral argument and briefs.

The questions involved are identically the same as those in the case of *Reed* v. *The Omnibus Railroad Company*, *supra*, and after a most careful re-investigation of the same, we are entirely satisfied with the opinion of this Court as expressed by Mr. Justice SHAFTER in that case, and the former decision of this case upon that authority.

Had the statute of 1863, by virtue of which these one hundred and fifty-seven several penalties or forfeitures are claimed against defendant, provided that two or more causes of action arising under the Act should not be united in the same action, but that each forfeiture or separate cause of action should be prosecuted separately, it would hardly be claimed that such a provision transcended legislative

authority, although it might be an exception to the rules prescribed by the sixty-fourth section of the Civil Practice Act. By this statute of 1863, "concerning street railroads in this State," a new right and responsibility is created, and provision made for the enforcement of each separate cause of action arising under the statute before a tribunal having constitutional jurisdiction of the amount involved in each separate forfeiture, but not jurisdiction of the amounts of two or more; hence in practical effect the statute provides that each cause of action or separate forfeiture shall be prosecuted or enforced separately; and this was manifestly the intention of the Legislature in the designation of the tribunal in which this special statutory right and liability should be enforced. The remedy provided is ample—clearly within legislative authority—and must be strictly pursued. If it be not adapted to operations of sufficient magnitude to cover the aggregate grievances of the plaintiff in this case, this Court, however much it might be disposed to aid his laudable efforts to save to the alleged delinquent defendant the costs and annoyance of a multiplicity of suits, has not the power to provide or substitute a different or more comprehensive remedy than that furnished by the statute.

Judgment affirmed, and remittitur directed to issue forthwith.

Mr. Chief Justice SAWYER and Mr. Justice SANDERSON expressed no opinion on rehearing.