[No. 3,509.]

## THE CLEAR LAKE WATER WORKS COMPANY *v.* LAKE COUNTY.

DAMAGES FOR PROPERTY DESTROYED BY A MOB.—It is not necessary that a claim against a county, for damages for property destroyed by a mob, should be presented to the Board of Supervisors for allowance before bringing an action to recover judgment on it.

ACT IN RELATION TO DAMAGES BY MOBS.—The Act of the Legislature compelling a county to pay for property destroyed by a mob, created a new right, and provided a new remedy therefor, complete in itself.

APPEAL from the District Court of the Seventh Judicial District, County of Lake.

The facts are stated in the opinion.

*Seawell & Shafter*, for Appellant, referred to section twenty-four of the Act of March 20th, 1855, concerning Supervisors; section one of the Act of April 2d, 1857, for the presentation of claims against counties; and section one of the Act of March 5th, 1864, also in relation to presenting such claims, and argued that they were in conflict with the Act of March 27th, 1868, under which this action was brought. They further argued that a county could not be sued, except by consent of the State; and that the nature and measures of redress were entirely in the will and discretion of the Legislature, and cited *Sharp* v. *Contra Costa County*, 34 Cal. 284; also, that when a statute created a new right, and prescribed

a remedy, such remedy was exclusive, and cited *Reed* v. *Omnibus R. R. Co.*, 33 Cal. 212; *Ward* v. *Severance*, 7 Cal. 126; Sedgwick on Stat. and Const. Law, 402. That the only remedy given to plaintiff by the statute was a right of action, and the only liability imposed on the county was a liability to be sued. "The city or county in which such property was situated shall be liable in an action, etc., for the damages," etc. The county was not liable, except in an action. The Board of Supervisors had no power to allow the claim. The whole matter seemed to be studiously withdrawn from the jurisdiction of the Board of Supervisors.

*Edgerton & Smith*, for Respondent.


By the COURT:

The action was commenced to recover damages under the provisions of the Act of March 27th, 1868, to provide for compensating parties whose property may be destroyed in consequence of mobs or riots. The Court sustained a demurrer to the complaint upon the ground that it was not alleged therein that the claim for damages had been presented to the Board of Supervisors and disallowed.

We think the ruling of the Court in this respect was erroneous. The Act does not require in express terms that claims made thereunder for damages shall be presented to the Board, but on the contrary it requires that an action to recover for any loss or injury sustained from a mob or riot within four years next preceding the 1st day of January, 1868, shall be commenced within six months from and after the approval of the Act, and that all other actions thereunder shall be commenced within one year from and after the loss or injury is sustained. It is impossible to believe that the Legislature meant to require those claims to be presented for allowance, since by the terms of the law said to

require such presentation one full year is allowed therefor, and three months after disallowance in which to bring suit.

In our opinion the Act has created a new right and provided a new remedy therefor, which is complete in itself and does not require presentation to the Board. (*Reed* v. *Omnibus R. R. Co.*, 33 Cal. 212.)

The judgment is reversed and cause remanded, with directions to the Court below to overrule the demurrer.