Frederick S Heiser, Executor, etc., Appellant, *v.* The Mayor, Aldermen and Commonalty of the City of New York, Respondent.

The board of assessors of the city of New York, in performing the duties imposed upon it by the act of 1872 (Chap. 729, Laws of 1872), in relation to the improvement of Eighth avenue in that city, did not act as the servants or officers of the municipal corporation, but as an independent tribunal, deriving its whole authority from the statute.

Prior to the passage of that act no liability existed, either at common law or by statute, on the part of the city to owners of real estate for injuries occasioned to them by changes of grade in the streets adjoining their premises.

The said act created no such liability, except in the mode and to the extent prescribed in the act, that is the liability is limited to a claim for the delivery of assessment bonds for the amount of any award made by said board.

In the case of public improvements, authorized by statute, which provides a mode of compensation to persons injured, that mode is exclusive and no right of action exists in their favor except that directed in the statute.

Accordingly *held*, that no right of action at law existed against the city to recover damages incidentally occasioned to land by changes in the grade in Eighth avenue.

Also *held,* that an equitable action was not maintainable to vacate an award.and assessment made by said board, by reason of alleged fraud on the part of the assessors in making it, as the party aggrieved had a sufficient remedy at law.

(Argued November 17, 1886; decided January 18, 1887.)

Appeal from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon

an order made March 30, 1883, which affirmed a judgment in favor of defendant, entered upon an order dismissing plaintiff's complaint on the opening. (Reported below, 29 Hun, 446.)

The substance of the complaint and of the opening stated in the opinion.

*Nathaniel C. Moak* for appellant. Plaintiff is entitled, upon the facts set forth, to have the damages recoverable under the act of 1872 (Chap. 729) ascertained by the court without the aid of the board of assessors. (*Ewen* v. *Jones*, 2 Salk. 415; *People* v. *Hillsdale*, 2 Johns. 190; *Russell* v. *Mayor, etc.,* 2 Denio, 471; 11 Pet. 571; 4 Wend. 67; Hobart, 85; *People* v. *Purdy*, 4 Hill, 384.) The judgment of any, even of the highest, court may be attacked collaterally and set aside as between the parties thereto on the ground that it was fraudulently obtained. (*Clark* v. *Underwood*, 17 Barb. 202, 218–221; *O'Mahoney* v. *Belmont*, 62 N.Y. 145, 146; *Verplank* v. *Van Buren*, 76 id. 257, 258; *Dobson* v. *Pearce*, 12 id. 165, 168; *Davone* v. *Fanning*, 4 Johns. Ch. 199, 203, 204; *Mandeville* v. *Reynolds*, 68 N.Y. 529, 542–546; *Dolan* v. *Mayor, etc.,* 62 id. 472; *Mich.* v. *Phœnix Bank*, 33 id. 9; *Strusburgh* v. *Mayor, etc.,* 87 id. 456, 457; *In re N. Y., etc.,* 5 East. Rep. 800, 807; *In re Buffalo, etc.,* 32 Hun, 289; *Tingue* v. *Port Chester*, 101 N. Y. 294; *Delano* v. *Mayor, etc.,* 32 Hun, 144.) Where one is to have the compensation to which another is entitled ascertained by his own servant or officer, he is liable to a suit for the damages if he does not cause the award to be made within a reasonable time. (*Battersby* v. *Vise*, 2 Hurlst. & C. 42, 46; *Guidet* v. *Mayor, etc.,* 36 N. Y. Supr. Ct. R. 557; *Bowery Bank* v. *Mayor, etc.,* 63 N.Y. 336.) When a contractor is to be paid out of assessments to be levied by a city he may recover for his work and labor if the city unreasonably neglects to proceed to levy or to collect the assessments. (*Bowery Bank* v. *Mayor, etc.,* 8 Hun, 224, 228; *Sage* v. *Brooklyn*, 89 N. Y. 189; *Baldwin* v. *Oswego*, 2 Keyes, 136, 137; *Buck* v. *Lockport*, 6 Lans. 251.)

*David J. Dean* for respondent. The Mayor, Aldermen and Commonalty of the city of New York is not liable in damages for the neglect, misconduct, or fraudulent act of the board of assessors. (Laws of 1859, chap. 302 § 15; Consolidation Act, § 865; Laws of 1872, chap. 729, p. 1226; *Wilson v. Mayor, etc.*, 1 Den. 595; *Mills v. City of Brooklyn*, 32 N. Y. 499; *Tone v. Mayor, etc.*, 70 id. 165; Dillon on Mun. Corp. [3d ed.] 978; *Maximillian v. Mayor, etc.*, 62 N. Y. 164; *Ham v. Mayor, etc.*, 70 id. 459.) If the plaintiff has been wronged by neglect or fraud on the part of these officials, he may have his action against them for his damages. (*Hover v. Barkhoof*, 44 N. Y. 124; *Fulton F. Ins. Co., v. Baldwin*, 37 id. 648; *Robinson v. Chamberlain*, 34 id. 389; *Adsit v. Brady*, 4 Hill, 630.) The defendant is not liable for the damages which the plaintiff's testator sustained by reason of the change of grade, unless that liability is prescribed by statutory provisions. (*Radcliff's Ex'rs, v. Mayor, etc.*, 4 N. Y. 195; *Story v. N. Y. El. R. Co.*, 90 id. 185; Dillon on Mun. Corp, § 993; *Reock v. Newark*, 33 N. J. 129; *Calkin v. Baldwin*, 4 Wend. 667; *Dudley v. Mayhew*, 3 Comst. 9; *Russell v. Mayor, etc.*, 2 Den. 461; *Almy v. Harris*, 5 John. 175).

RUGER, Ch. J. At the trial the complaint was dismissed upon the opening, on the ground that no cause of action was stated.

The language of the opening is not set forth in the case, but is conceded to have been no broader than the complaint, and if no legal cause of action is stated therein, the action must fail.

The complaint alleges, substantially, that by chapter 729 of the Laws of 1872, the defendant became liable to persons owning lots on Eighth avenue, in the city of New York, upon which buildings were erected, for such damages as had been or might be occasioned to them by reason of change of grade in that street; that plaintiff's testator was the owner of such a lot on said avenue, which had been seriously

damaged by such changes, and that the board of assessors of the city of New York, with intent to injure and defraud the plaintiff, did on the 28th of March, 1876, illegally, covertly and fraudulently make and file in the finance department of the city of New York, a statement and award of the amount of damages, loss or injury sustained by Christina E. Smith, the plaintiff's testator, for damages to her said property, amounting to $5,000, and " at or about the same time the board made and filed in the said finance department an assessment and certificate thereof against said property for benefit, by reason of the changes of grade of said avenue, in the sum of $5,000 ;" that said assessors proceeded, without any notice, and in violation of a promise and agreement of said board with the plaintiff, to fix a time for hearing the proofs and arguments of the plaintiff ; " that the said board of assessors, without due and proper or any actual notice to the plaintiff, proceeded to and did make the assessment and file the certificate required by said act ;" that said assessments and certificate were so made and filed " unlawfully and fraudulently, and with the intent to deprive the plaintiff of the damages " inflicted upon her premises.

The relief prayed for was that the certificates of assessment for damages and for benefit might both be vacated, and that the plaintiff might recover damages against the defendant for $150,000.

In dismissing the complaint the court below acted upon the assumption that the gravamen of the complaint was fraud, and the damages claimed were those suffered by the plaintiff from the illegal and fraudulent conduct of the board of assessors in making the award and assessment in the manner described, and held that the defendant was not responsible for such damages.

It was very properly held that the members of the board of assessors did not, in performing the duties enjoined upon it by the act of 1872, act as the servants or officers of the defendant, but constituted an independent tribunal deriving their whole authority from the statute and owing no duty to, and

subject to no direction or control by the defendant. (*Maxmilian* v. *Mayor, etc.,* 62 N. Y. 160 ; *Tone* v. *Mayor, etc.,* 70 id. 157.)

Before the act of 1872 no liability, either at common law or by statute, existed on the part of the defendant to owners of real estate, for injuries occasioned to them, by changes of grade in the streets adjoining their premises. (*Conklin* v. *N. Y., Ont. & West. R. R. Co.,* 102 N. Y. 107, 109 ; *Radcliff's Ex'rs* v. *Mayor, etc.,* 4 id. 195 ; *Wilson* v. *Mayor, etc.,* 1 Denio, 595 ; *Lynch* v. *Mayor, etc.,* 76 N. Y. 60.)

Neither did the act of 1872 purport to create any such liability except in the mode pointed out, and to the extent prescribed by such act.

An appraisal by the board of assessors was by the statute made a condition precedent to the recovery of any compensation on the part of the injured party ; the amount thereof was required to be assessed upon the premises thereby benefited ; the right to enforce payment was predicated upon such appraisal and was limited to a claim for the delivery of assessment bonds by the comptroller, for the amount of the award made. No provision was made for the payment of such damages by the city at large, or in any other manner.

The statute assumed to create a right where none existed before, and it defined not only the extent of the right, but also the method of its enforcement.

It is well settled in the case of public improvements authorized by statute, wherein a mode of compensation is provided for persons injured thereby, that such mode is exclusive, and no right of action exists in their favor except that directed in the statute. (Dillon on Mun. Corp., § 993 ; *Calking* v. *Baldwin,* 4 Wend. 667; *Dudley* v. *Mayhew,* 3 N. Y. 9.) As was said by the court below, "the only means of redress afforded to the plaintiff, therefore, were those provided for by this act."

It follows, therefore, that no right of action existed against the defendant, either at common law or by statute, to recover by an action at law the damages incidentally occasioned to the

land in question by changes of grade in Eighth avenue, and unless some other cause of action is discovered the judgment of the court below must be sustained.

It was insisted before us that such a cause was found in the claim made to vacate and annul the award and assessment of the board of assessors, by reason of the alleged fraud of the assessors in making it.

It cannot be questioned but that courts have power in proper cases in actions brought for that purpose, to investigate, set aside and vacate the judicial declarations of other tribunals when they have been obtained by fraud.

The rule as stated in *Dobson* v. *Pearce* (12 N. Y. 165) is, " that a Court of Chancery has power to grant relief against judgments when obtained by fraud.   Any fact which clearly proves it to be against conscience to execute a judgment, and of which the injured party *could not avail himself at law*, but was prevented by fraud or accident, unmixed with any fault or negligence in himself or his agents, will justify an interference by a court of equity."

Assuming, for the purpose of the argument, that the complaint was framed upon this theory, we are still unable to see that a sufficient cause of action is stated therein.

It does not appear therefrom but that the plaintiff had an ample and sufficient remedy at law for the injuries complained of, and although it was necessary for him to set aside the award referred to, to avail himself of the remedy provided by statute, no reason is suggested why such relief was not obtainable in a direct proceeding to review the determination of the assessors.   His failure to prosecute this remedy to a successful termination, furnishes no ground for the exercise of the jurisdiction of this court to entertain an independent action to set aside the award.

The allegations of the complaint, in respect to the alleged fraud, are quite indefinite and vague, and do not suggest the idea that they were drafted for the purpose of making them the gravamen of the action.

The only fraud suggested is that sought to be implied from

the conduct of the board of assessors in proceeding to a hearing of the claim for damages without notice to, or affording the plaintiff an opportunity to be heard.   Even assuming that this conduct was fraudulently intended, it constituted an irregularity merely which was open to review and correction upon *certiorari* and afforded no ground for an independent action to assail the award of a judicial tribunal.

It was said by JUDGE ANDREWS, in *Smith* v. *Nelson* (62 N. Y. 288) that the "jurisdiction in one court to vacate, in an independent proceeding, the judgment of another having power to render it, is in its nature so extraordinary as to demand a close adherence to principles and precedents in exercising it. Courts do not exercise it when there has been negligence on the part of the party seeking the relief.   That a judgment is final and conclusive of the right or thing which is adjudicated by it, is the rule, and judgments and decrees of a competent court will not be annulled for a suspicion of fraud, or because the party complaining may in fact have been unjustly cast in judgment." (See, also, *Stilwell* v. *Carpenter*, 59 N. Y. 414.)

The statements in the complaint are manifestly insufficient to bring it within the rule regulating actions to set aside judicial determinations for fraud, and it is not sustainable upon such a theory.

The judgment should, therefore, be affirmed.

All concur.

Judgment affirmed.