[S. F. No. 6498.    Department Two.—April 27, 1915.]

JAMES OTIS, as Surviving Trustee Under the Trust Created by the Last Will of A. C. Whitcomb, Deceased, Respondent, v. CITY AND COUNTY OF SAN FRANCISCO (a Municipal Corporation), Appellant.

TAXATION—SAN FRANCISCO—TAXES IN EXCESS OF DOLLAR LIMIT.— *Josselyn* v. *City and County of San Francisco,* 168 Cal. 436, holding invalid certain taxes levied by the city and county of San Francisco, because the same were in excess of the "dollar limit" fixed by its charter, is followed and approved.

ID.—DEMAND ON SUPERVISORS FOR ORDER FOR REFUND OF TAXES ILLEGALLY COLLECTED—INACTION OF BOARD FOR UNREASONABLE TIME—REJECTION OF CLAIM.—Where a taxpayer seasonably after payment of the taxes so illegally assessed by the city and county of San Francisco, made a proper demand upon the board of supervisors for an order for refund of the moneys so paid, as provided by section 3804 of the Political Code, and repeatedly requested the board to take action in the matter, its inaction for a period exceeding six

months is so unreasonable as to amount to a rejection of the claim and thus to authorize an action to recover the amount of the taxes illegally collected.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

Percy V. Long, City Attorney, and Jesse H. Steinhart, Assistant City Attorney, for Appellant.

J. R. Pringle, Rufus Hatch Kimball, and Edwin H. Williams, for Respondent.

HENSHAW, J.—This is an action to recover moneys paid on account of certain taxes assessed by the city and county of San Francisco, which taxes, it is alleged, were illegal. The taxes are the same as those whose validity was considered in *Josselyn* v. *City and County of San Francisco,* 168 Cal. 436, [143 Pac. 705], where they were decreed to be illegal.

There is left for consideration in this case the sole remaining question of the remedy pursued by plaintiff. He brought his action against the city and county of San Francisco, basing it upon the provisions of section 3804 of the Political Code. That section in the case of the taxes therein described relieves from the necessity of a protest at the time of payment and declares that moneys so irregularly collected on account of such taxes "may by order of the board of supervisors be refunded by the county treasurer."

The complaint here shows that seasonably after payment plaintiff made demand upon the board of supervisors by verified claim for an order for refund of the moneys so paid. Plaintiff followed this demand by many letters repeating the same request and appeared personally before the board and argued the merits of his demand. The result of all this was simply nonaction upon the part of the board. Formally, it neither allowed nor rejected the demand. Appellant contends under the authority of such cases as *Reed* v. *Omnibus Railroad Co.,* 33 Cal. 212; *Smith* v. *Omnibus Railroad Co.,* 36 Cal. 281; *Keller* v. *City of Corpus Christi,* 50 Tex. 614, [32 Am. Rep. 613] ; *Heiser* v. *Mayor of New York,* 104 N. Y. 72,

[9 N. E. 866], that, as this is a remedy created by statute the precise steps of the statute must be followed to obtain relief, that the treasurer is not entitled to act except on the order of the board of supervisors and that the proper procedure for plaintiff to have adopted was that by mandate directed to the board of supervisors to compel them to make the proper order. Appellant recognizes that actions against counties upon claims such as this have frequently been sustained, as in *Hayes* v. *County of Los Angeles,* 99 Cal. 74, [33 Pac. 766]; *Pacific Coast Co.* v. *Wells,* 134 Cal. 471, [66 Pac. 657], and *Stewart etc. Co.* v. *County of Alameda,* 142 Cal. 660, [76 Pac. 481], but distinguishes these from the case at bar by pointing out that in each one of those, and in the other similar cases, the action was brought after the rejection by the board of the disputed claim. We have no disposition to criticise any of the cases cited by appellant. The principles enunciated in each and all of them are perfectly sound. Where a right is thus created by statute and the method of securing that right pointed out, in all essentials the legislative directions must be followed. But here, after repeated requests, demands, and arguments we have inaction upon the part of the board of supervisors for a period exceeding six months. This is certainly a reasonable time within which action should have been taken by the supervisors. If they may delay matters of this kind for this period, where would the line be drawn that demarks reasonable from unreasonable delay? We hold the delay in this case to be so unreasonable as to amount to a rejection by the supervisors of the claim and thus to authorize the prosecution of this action in its present form.

The judgment appealed from is, therefore, affirmed.

Lorigan, J., and Melvin, J., concurred.