[Civ. No. 5076.  Second Appellate District, Division One.—August 1, 1925.]

ELBERTA OIL COMPANY (a Corporation) et al., Petitioners, v. THE SUPERIOR COURT OF KINGS COUNTY et al., Respondents.

[1] CORPORATIONS—ELECTION OF DIRECTORS—ACTION BY STOCKHOLDERS TO SET ASIDE.—The only authority permitting a stockholder, or any number of aggrieved stockholders, of a corporation to in-

---

1.  See 6 Cal. Jur. 882,

stitute an action to set aside an election of directors is derived from the provisions of sections 312 and 315 of the Civil Code.

[2]  ID.—VALIDITY OF ELECTION—SUMMARY COURT PROCEEDING—JURISDICTION.—Sections 312 and 315 of the Civil Code provide a special and summary proceeding in which the election of directors of a corporation might be inquired into, and the validity thereof determined by the court; and by the express terms of those sections such a proceeding must be commenced and heard only in the county in which the election was held.

[3]  ID.—ACTIONS AGAINST CORPORATIONS — JURISDICTION — CONSTITUTIONAL LAW.—Section 16 of article XII of the constitution refers to personal or transitory actions against corporations, and has no reference to local actions or to actions where either the constitution or the statute has clothed certain courts with exclusive jurisdiction over the subject matter of such actions.

[4]  ID.—SPECIAL PROCEEDINGS—JURISDICTION—LEGISLATIVE AUTHORITY —CONSTITUTIONAL LAW.—Where the constitution has conferred jurisdiction upon any court of the state, any legislative enactment is void which attempts to limit the jurisdiction thereby conferred; but section 5 of article VI of the constitution, giving the superior court jurisdiction "over all such special cases and proceedings as are not otherwise provided for," only attempts to provide that the superior court shall have jurisdiction of all such proceedings, and does not purport to designate which of the superior courts of the state shall have jurisdiction over any particular proceeding; and in the absence of any such designation the legislature may make such designation.

[5]  ID.—JURISDICTION—PROCEEDINGS IN WRONG COUNTY—PROHIBITION. The superior court of the county in which the election of directors was held has exclusive jurisdiction of the proceedings instituted under sections 312 and 315 of the Civil Code, and the superior court of any other county is without any right, authority or jurisdiction to entertain the same; and where the proceedings authorized by said sections are instituted in the superior court other than the one in which the election of directors was held, and it is apparent that the defendants therein have not a plain, speedy and adequate remedy in the ordinary course of law by an appeal, a writ of prohibition will lie to prevent said court from hearing the matter.

---

(1) 14a **C. J.**, p. 64, n. 22.    (2) 14a **C. J.**, p. 64, n. 22.    (3) 14a **C. J.**, p. 64, n. 22.    (4) 12 **C. J.**, p. 817, n. 7.    (5) 32 **Cyc.**, p. 606, n. 41, p. 620, n. 32.

3.  See 6 **Cal. Jur.** 121.
4.  See 7 **Cal. Jur.** 586.
5.  See 21 **Cal. Jur.** 594.

APPLICATION for a Writ of Prohibition to prevent the Superior Court of Kings County, and K. Van Zante, Judge thereof, from hearing an action to set aside an election of directors of a corporation.    Demurrer overruled.

The facts are stated in the opinion of the court.

Strother P. Walton for Petitioners.

J. L. C. Irwin, H. A. Savage, W. T. Kendrick, Jr., and Fred Baruch, Jr., for Respondents.

CURTIS, J.—Petition for writ of prohibition against the Superior Court of the County of Kings and the Honorable K. Van Zante, Judge of said Court, directing them to desist and refrain from further proceedings as to the first two causes of action in a certain action pending in said Court. Said action, in so far as said two causes of action are concerned, was instituted under sections 312 and 315 of the Civil Code, to set aside an election of certain of the petitioners herein as directors of the Elberta Oil Company, which said company it is alleged in said complaint is a corporation organized, existing and doing business under the laws of the state of California, with its principal place of business in the city of Fresno, in the county of Fresno, in this state. The third cause of action involved the legality of an assessment levied by the board of directors of said company, but this proceeding is in no way directed against the action of said Superior Court as to said third cause of action. No further reference will therefore be made to said third cause of action. It appears from said complaint that at the time said action was instituted in the said county of Kings, to wit, on March 4, 1925, another action substantially, if not identically, like it, excepting as to the parties plaintiff, was then pending in the superior court of the county of Fresno, this latter action having been instituted on February 10, 1925. The plaintiffs in said action filed in the county of Kings were alleged to be stockholders of said Elberta Oil Company, as were also the plaintiffs in the action instituted in the county of Fresno, but the plaintiffs in the one case were entirely different stockholders from those who were plaintiffs in the other. In the Kings County case the court issued a tem-

porary injunction against all of the petitioners herein, directing them to absolutely desist and refrain from the management and control of said corporation, and from acting as the directors or officers of said company, and from doing or attempting to do or perform any act or acts as directors, secretary, or officers of said corporation, excepting to pay certain taxes, rent, labor bills and insurance premiums.

The respondents have appeared herein and filed a demurrer and answer to said petition. The demurrer is both general and special, and also raises the question of the court's jurisdiction. The only argument, however, presented by respondents in support of their demurrer has been made in behalf of their general demurrer. We will assume, therefore, that respondents do not seriously rely upon their special demurrer, and that they do not seriously question the jurisdiction of this court to entertain this proceeding.

It is contended in support of the general demurrer that the petition herein fails to show that the Superior Court of Kings County has not jurisdiction of the action set forth in the first two causes of action in the complaint thereof. In other words, respondents' position is that the Superior Court of Kings County has jurisdiction over said action instituted therein for the purpose of setting aside an election of a board of directors of a corporation, even though said election of said board of directors was not held in said county. Section 312 of the Civil Code, after providing that at all elections had for any purpose in corporations formed for profit there must be a majority of the subscribed capital stock represented, further provides that "Any vote or election had otherwise than in accordance with the provisions of this article is voidable at the instance of absent or any stockholders or members, and may be set aside by petition to the superior court of the county where the same is held." Section 315 of the Civil Code is as follows: "Upon the application of any person or body corporate aggrieved by any election held by any corporate body, the superior court of the county in which such election is held must proceed forthwith to hear the allegations and proofs of the parties, or otherwise inquire into the matters of complaint, and thereupon confirm the election, order a new one, or direct such other relief in the premises as accords with right and justice.

"Upon filing the petition, and before any further proceedings are had under this section, five days' notice· of the hearing must be given, under the direction of the court or the judge thereof, to the adverse party, or those to be affected thereby."

Prior to the enactment of these sections of the code, or of legislation similar thereto, the only method of setting aside an election of directors at a stockholders' meeting was by *quo warranto* proceedings, instituted in the name of the people of the state. (*Whitehead* v. *Sweet,* 126 Cal. 67 [58 Pac. 376].) Such a proceeding could not be maintained by a stockholder nor by any number of aggrieved stockholders. [1] The only authority, therefore, to institute in this state a proceeding like that brought against petitioners is derived from the provisions of the two sections of the code to which we have just referred. In one instance it is provided that the election is voidable and may be set aside, "by petition to the superior court of the county where the same is held," and the language of the other section is that "the superior court of the county in which such election is held" is vested with authority to proceed and hear the complaint of the aggrieved stockholders. This hearing, however, must be preceded by a five days' notice given under the direction of the court, or the judge thereof, to the adverse party. [2] It is apparent from the language of these sections that it was the intent of the legislature to provide a special and summary proceeding in which the election of directors of a corporation might be inquired into, and the validity thereof determined by the court. By the express terms of these sections of the code it is provided that such a proceeding must be commenced and heard only in the county in which the election was held. The supreme court in *Chollar Mining Co.* v. *Wilson,* 66 Cal. 374 [5 Pac. 670], in passing upon the jurisdiction of the superior court of the city and county of San Francisco to hear a certain proceeding then pending in said court, used the following apt language: "The authority of the superior court to proceed is wholly statutory. It is a special proceeding provided by statute, not according to the course of the common law; and to invest such court with jurisdiction, the requisites of the act must be complied with, and it must so appear on the face of the record. If not so complied with, the court has no jurisdiction to pro-

ceed.'' In an earlier case, *Reed* v. *Omnibus R. R. Co.*, 33 Cal. 212, 217, the supreme court announced the rule as follows: ''When the statute creating the new right and prescribing a particular remedy for violation thereof, provides that the remedy must be pursued in a particular court, the rule we are considering excludes all other jurisdictions. The forum named in the statute is an element in the method of redress.'' The case of *Reed* v. *Omnibus R. R. Co.* was approved in the case of *Smith* v. *Omnibus R. R. Co.*, 36 Cal. 281, and has never been overruled or even criticised, to our knowledge, by the supreme court. It was cited with approval in the case of *Clear Lake, etc.*, v. *Lake County*, 45 Cal. 90, 92. The supreme court in *Otis* v. *City and County of San Francisco*, 170 Cal. 98, 100 [148 Pac. 933], referring to the Reed case with others announcing the same doctrine, gives its approval thereof in the following language: ''We have no disposition to criticise any of the cases cited by appellant. The principles enunciated in each and all of them are perfectly sound. Where a right is thus created by statute and the method of securing that right pointed out, in all essentials the legislative directions must be followed.''

[3] It is further argued, however, by respondents that under section 16 of article XII of the constitution they were authorized to institute their action in the Superior Court of Kings County, subject to the right of said Court to change the place of trial to the proper county. This section of the constitution undoubtedly refers to personal or transitory actions against corporations, and has no reference to local actions or to actions where either the constitution or the statute has clothed certain courts with exclusive jurisdiction over the subject matter of such actions. All the cases cited by respondents in support of their last contention are actions based upon mere money demands against a corporation, and in none of these actions was there any statutory or constitutional provision for the institution of actions of such character in any particular court of the state. Two of the cases upon which respondents rely are *Trezevant* v. *Strong Co.*, 102 Cal. 47 [36 Pac. 395], and *Bond* v. *Karma-Ajax Consolidated Mining Company*, 15 Cal. App. 469 [115 Pac. 254], and were each instituted for the purpose of recovering a money judgment. The other case cited by respondent was *Lakeside Ditch Co.* v. *Packwood C. Co.*, 50 Cal. App. 296,

301 [195 Pac. 284], in which the court said, referring to the
nature of the action, "it is purely and simply a personal or
transitory action, and, being such an action, it clearly comes
within the class of actions referred to by section 16 of article
XII of the Constitution, and is, therefore, as to the matter
of venue, governed by said section of the organic law."

[4] Respondents further claim that the action instituted
by them in the Superior Court of Kings County was a
special proceeding provided by the statute, and that under
section 5, article VI of the constitution, the superior court
is given general jurisdiction "over all such special cases
and proceedings as are not otherwise provided for." Re-
spondents argue that the jurisdiction of the superior court
to entertain an action brought under section 315 of the Civil
Code is provided for in the above section of the constitution,
and that it is not within the power of the legislature to
limit this jurisdiction in any manner. By this same section
of the constitution jurisdiction is conferred upon the su-
perior court, "in all criminal matters amounting to a
felony." Respondents will hardly contend that under this
constitutional provision an accused charged with a felony
could be prosecuted in any superior court of this state in the
face of section 777 of the Penal Code providing that "The
jurisdiction of every public offense is in the county in which
it is committed." It is unquestionably true that where the
constitution has conferred jurisdiction upon any court of
the state, any legislative enactment is void which attempts
to limit the jurisdiction thereby conferred. This principle
is elementary and needs no authority to support it, but the
fallacy in respondents' argument is in asserting that by the
above section of the constitution concurrent jurisdiction is
conferred upon every superior court of the state in any
special proceeding which may be instituted therein. All said
section attempts to provide, in so far as special proceedings
are concerned, is that the superior court shall have jurisdic-
tion of all such proceedings as are not otherwise provided
for. It does not purport to designate which of the superior
courts of the state shall have jurisdiction over any particular
proceeding. In the absence of any such provision the legis-
lature may make such designation. This principle is well
stated by the supreme court in *Smith* v. *Westerfield,* 88 Cal.
374, 379 [26 Pac. 206], as follows: "Jurisdiction of special

proceedings is conferred by the Constitution upon the superior court; but, inasmuch as special proceedings are only such as are created and authorized by statute, the court, in the exercise of this jurisdiction, is limited by the terms and conditions under which the proceedings were authorized.''

[5]   We think it appears, therefore, from the above authorities that the exclusive jurisdiction of proceedings instituted under sections 312 and 315 of the Civil Code is in the superior court of the county in which the election mentioned in said sections has been held. It follows, therefore, that the superior court of Fresno County, being the county in which said election was held, has exclusive jurisdiction of any and all proceedings instituted under said sections of the code to set aside said election, and that the Superior Court of Kings County is without any right, authority or jurisdiction to entertain the same.

Respondents further contend that, even conceding that the Superior Court of Kings County has no jurisdiction over said action, in so far as the first two causes of action of the complaint are concerned, still petitioners' application for a writ of prohibition should be denied, as they have a plain, speedy and adequate remedy in the ordinary course of law by an appeal. Respondents rely in support of this claim, in the main, upon the case of *Greenberg* v. *Superior Court*, 71 Cal. App. 332 [235 Pac. 92]. It was there held that ''The writ of prohibition may issue only upon a showing that the petitioner has no 'plain, speedy, and adequate remedy in the ordinary course of law.' The right of appeal from the order complained of has always been held a 'remedy in the ordinary course of law.' '' It was also stated in this case that ''Cases have been cited wherein the reviewing court held that the want of jurisdiction to make the order complained of was apparent, and that, though an appeal would lie from the order, it could not be said to be a 'speedy and adequate remedy,' because of the expense and trouble incident to the particular litigation. These cases all rest on the principle that the writ of prohibiton is a writ of discretion, and not a writ of right, and the discretion of the reviewing court was exercised in each case in view of the exceptional circumstances presented.'' Respondents also rely upon the following cases: *United Railroads* v. *Superior Court*, 172 Cal. 80 [155 Pac. 463], and *Agassiz* v. *Superior Court*, 90 Cal. 101

[27 Pac. 49]. From the authorities to which our attention has been called we are of the opinion that the correct rule upon this subject was stated by Judge Shaw in his concurring opinion in *Glide* v. *Superior Court*, 147 Cal. 29 [81 Pac. 228], wherein he used the following language: "The question whether or not the remedy by appeal is adequate, even in cases where jurisdiction is plainly lacking, is a matter resting in the sound discretion of this court upon the particular circumstances of each case. Upon such a question precedents are of little value." In the Greenberg case it was held that the remedy by appeal was adequate and the court denied the application of petitioner therein for writ of prohibition against the respondent court to prevent the enforcement of an order to pay certain rentals to receiver made after judgment. The appellate court held that by an appeal from said order and the filing of an undertaking on appeal, the execution of said order would have been stayed, and that this remedy in the ordinary course of law was plain, speedy and adequate. The injunction issued against the petitioners herein, directing them to refrain from doing certain acts enumerated therein, is a preventive or prohibitory, and not a mandatory, injunction. Its operation, therefore, would not be stayed by an appeal. (*United Railroads* v. *Superior Court*, 172 Cal. 80 [155 Pac. 463], and *Jacobsen* v. *Superior Court*, 192 Cal. 319 [29 A. L. R. 1399, 219 Pac. 986].) The only protection afforded petitioners herein, the defendants in said Kings County action, in case of an appeal and reversal of the order granting a temporary injunction, is by virtue of the bond given by the plaintiffs in said action upon the granting of said injunction. The order granting the temporary injunction recites that the amount of this bond is $1,000. We have already alluded to the fact that by the injunction the petitioners are restrained from the management and control of the business of the Elberta Oil Company. This injunction runs against not only those petitioners who are the *de facto* directors of said company and whose election it is sought by said action to set aside, but against the corporation itself. From the petition it appears that the Elberta Oil Company, at the time of the institution of said action against it and the other petitioners herein, was engaged in drilling for oil on certain lands situated in the county of San Luis Obispo; that it had ex-

pended in the neighborhood of $85,000 in such work; that it had drilled a well on said lands to a depth of 2,680 feet, and that the indications were that within a short time oil would be produced in paying quantities from said well; that it is extremely hazardous to allow said well to stand without attention, and that said well was being drilled upon lands held by said company under a lease, one of the conditions of which is that said lease will be subject to cancellation unless the work of drilling for oil on said land is prosecuted diligently and continuously until oil is found in paying quantities. The temporary injunction restrains all the petitioners, including the Elberta Oil Company, from the management and control of said corporation, and from doing any act with the exception of those already mentioned. Under such a state of affairs, will an appeal be an adequate remedy and protection to respondents? We think not. In the first place, an appeal would not stay an execution of the order of injunction. Therefore, pending the appeal, all work of drilling the well and of any other character must cease and the property of the corporation, upon which many thousands of dollars have been expended in its development, left to deteriorate, if not to become an absolute loss. Furthermore, should the lease of the land, upon which the well now being drilled is situated, be forfeited for failure to comply with the provisions of the lease requiring a continuous prosecution of the work thereon, a contingency not unlikely to happen, then not only would the company and its stockholders lose the large sums of money already invested therein, but they would sustain the further loss also of any prospective profits which might accrue from the discovery of oil upon said land. The amount of such damages would not only be exceedingly difficult, but practically impossible to fix in any action which might be brought by petitioners against respondents, in the event they should be successful on said appeal. It is quite evident that a bond of $1,000 under such circumstances would be woefully inadequate. Respondents' reply to this situation is that the petitioners are authorized, in the event the bond is deemed insufficient, to apply to the Superior Court in which the action is pending for an order to increase the amount of said bond to a sum which would cover all probable damages that petitioners might sustain by reason of the granting of said injunction.

It is true that a bond given under such circumstances has been held to be legal and binding upon the parties executing the same. (*Lambert* v. *Haskell*, 80 Cal. 611 [22 Pac. 327].) There is, however, no assurance that in case such an application were to be made by petitioners, the relief prayed for would be granted. The cases are numerous in this state wherein the writ of prohibition has been granted, although the petitioners therein were entitled to an appeal, on the ground that an appeal was not an adequate remedy. (*Ophir Silver Mining Co.* v. *Superior Court*, 147 Cal. 467 [82 Pac. 70]; *Davis* v. *Superior Court*, 184 Cal. 691 [195 Pac. 390]; *Consolidated Adjustment Co.* v. *Superior Court*, 189 Cal. 92 [207 Pac. 552].) It is only when an appeal is an adequate remedy that the court will refuse to prohibit a tribunal in acting in excess of or without jurisdiction. As was said by the supreme court in *Havemeyer* v. *Superior Court*, 84 Cal. 327, 397 [18 Am. St. Rep. 192, 10 L. R. A. 627, 24 Pac. 121, 139], "The statute does not say that the writ will not issue in any case where there is an appeal. There must not only be a right of appeal, but the appeal must furnish an adequate remedy, in order to prevent the issuance of the writ. A number of cases have been decided in this court in which writs of prohibition have been refused because there was a right of appeal, but in all of those cases the appeal afforded a complete and adequate remedy for the threatened excess of jurisdiction."

We conclude, therefore, that the petition alleges facts sufficient to entitle petitioners, provided said facts are true, to the writ as prayed for. The demurrer, therefore, of respondents is hereby overruled.

The answer filed herein raises a number of issues of fact, which must be determined before this matter can be finally disposed of. Therefore the parties hereto are given twenty days within which to file a stipulation of the facts herein. If, however, they are unable to agree as to said facts, within said time, then an order will be made by this court appointing a referee to take the testimony of the parties hereto and report the same to this court.

Conrey, P. J., concurred.