JULY TERM. 241

John C. Hays and others, Appellants, v. John Hogan, Respondent.

## JOHN C. HAYS and Others, Appellants, v. JOHN HOGAN, Respondent.

The Act of May 4, 1852, " to incorporate the town of Oakland," confers no power of taxation directly, but leaves it to be derived from the general Act of March 27, 1850, under which the Trustees of towns have power to levy and collect a tax annually not exceeding fifty cents on every one hundred dollars of the assessed value of the property, and providing further, that unpaid taxes should be recovered by a suit in the name of the corporation, *Held*, that an assessment of two and three-fourths per cent. was wholly unauthorized by law and void.

The Collector of taxes in Oakland had no right to summarily sell the property, on which the taxes were unpaid, at public sale, as the taxes could only be recovered by suit.

The plaintiff having protested against the sale, purchased the property, in order to protect it from a clouded title, made the payments under protest, and in a few days after commenced suit for the recovery of the money, *Held*, that this was sufficient notice to the officer to hold the fund, and fixes his liability.

If the plaintiff was not the owner of the property, the sale being unauthorized and void, as purchaser he could take nothing, and therefore might recover the money sued for under the count for money had and received.

APPEAL from the District Court of the Third Judicial District, Alameda County.

The opinion of the Court contains the facts.

*Campbell, Taylor & Beckh,* for Appellants.

No briefs on file.

31

*E. R. Carpentier*, for Respondent, cited 2 Kent's Com., 293. Kyd on Corp., 401.   Williams *v.* Lunenburgh, 21 Pick., 75.   Pond *v.* Negus, 3 Mass., 230.   Saxton *v.* Nims, 14 Ib., 315.   Loring *v.* Bridge, 9 Ib., 124.   Easton *v.* Callendar, 11 Wend., 91.   Henderson *v.* Brown, 1 Caines, 92.   Glass Co. *v.* The City of Boston, 4 Met., 181. Preston *v.* The City of Boston, 12 Pick., 7.

HEYDENFELDT, J., delivered the opinion of the Court.   MURRAY, C. J., concurred.

By the Act of May 4, 1852, "to incorporate the town of Oakland," it was declared to be incorporated, under the provisions of "An Act to provide for the incorporation of towns," passed March 27, 1850.

The Act of May 4, 1852, confers no power of taxation directly, but leaves that power to be derived from the provisions of the general Act of March 27, 1850.   This latter Act gives power to the Trustees of towns "to levy and collect annually, a tax on all property in the town, not exceeding fifty cents on every hundred dollars of the assessment valuation thereof."

The 12th section of the same Act also provides that "If any person fail to pay any tax levied upon his real or personal property, the town collector may recover the same by suit, in the name of the corporation, before any Court of competent jurisdiction," &c.

In this case it seems that the Trustees of the town of Oakland, in disregard of the limitation upon their powers of taxation, passed an ordinance laying a tax of two and three-fourths per cent. upon the assessed value of the property of the inhabitants.

It also appears upon the non-payment of taxes by the plaintiff, the town Collector proceeded summarily to sell the property at public sale, whereas the section of the Act last cited requires the delinquent taxes to be recovered by suit.

The principle is familiar, that corporations have no power except such as are specifically granted, and must be held strictly within the limits of their granted powers.

It is unnecessary to say more than to state the facts and the rule, in order to show that the assessment complained of was wholly unauthorized, and therefore void, and even had it been legitimate, the proceedings

of the officer in summarily selling the property for the taxes were totally unwarranted by law.

The right of the plaintiff to recover, under the circumstances is undoubted. He protested against the sale, purchased in order to protect his property from a clouded title, and made the payments under protest, and in a few days afterwards commenced his suit for the recovery of the money. This was sufficient notice to the officer, to hold the fund for his own protection, and fixes his liability.

Even supposing that the plaintiffs were not the owners of the property, then it would follow, that as the sale was wholly unauthorized and void, as purchasers they could take nothing, and therefore may recover the money sued for, under the count for money had and received.

Judgment reversed and cause remanded.

———

A rehearing was granted the Respondent, when after a re-argument of the case, HEYDENFELDT, J., at the October Term, delivered the following opinion, in which MURRAY, C. J., concurred :

After a re-argument and a full consideration we are obliged to adhere to the judgment heretofore rendered in this case. The authority given to incorporated towns in the Common School Act, "to provide by ordinance for the collection, custody and disbursement of the moneys thus raised by the city tax for school purposes," must be subject to the general law of incorporation referred to in our first opinion, which requires the taxes to be sued for in any Court of competent jurisdiction.

Judgment reversed and cause remanded.