## Case No. 9,089.

### MARIPOSA CO. v. BOWMAN.

[Deady. 228.] [1]

Circuit Court, D. California. April 24, 1867.

DURESS — ILLEGAL DEMAND — PROPERTY — PERSON MAKING DEMAND.

An illegal demand paid under duress of property may be recovered back; but real property is not in duress unless there be an illegal demand made against the owner, coupled with a present power or authority, in the person making such demand, to sell or dispose of the same, if payment is not made as demanded.

[Cited in Hendy v. Soule, Case No. 6,359; Balfour v. City of Portland, 28 Fed. 739; The Nicanor, 40 Fed. 364.]

[Cited in Stephan v. Daniels, 27 Ohio St. 540.]

[This was a suit by the Mariposa Company against C. C. Bowman.]

John B. Felton, for plaintiff.
Clarke & Carpentier, for defendant.

DEADY, District Judge. The complaint states that on November 18, 1862, Cyrus A. Eastman obtained a decree in the proper court of the state of California for foreclosure and order of sale of a portion of the real property known as the Mariposa estate; and that such portion of said property was then owned by John C. Fremont and others, but that for a year prior to the commencement of this action —September 24, 1866—such estate, including the mortgaged premises, was the property of the plaintiff—a foreign corporation, formed under the laws of the state of New York, for the purpose of mining on such estate. That while such order of sale was in the hands of the sheriff, and before a sale of the premises was made thereunder, the decree of foreclosure was duly paid and satisfied, but the sheriff afterwards sold the property in question under such order, and wholly disregarded the fact that the amount due upon said decree had been fully paid. That at such sale the defendant became the purchaser, and received from the sheriff a certificate of sale, dated March 22, 1866, and was about to receive a deed from him therefor, and that the proceedings were a cloud upon the title of the plaintiff and impaired the value of its stock. That a deed from the sheriff in pursuance of such proceedings would have been a further cloud upon such title, and that the plaintiff for the purpose of dispelling this cloud and "preventing the injury done to it by the acts and proceedings aforesaid," on September 18, 1866, paid to defendant the sum which he pretended to have paid for the property at the sale —namely, $38,003.60, together with 12 per centum thereon, and the fee for the certificate —$2. That there was collusion between said Eastman and the defendant in this—that defendant did not pay any money on account of the purchase, but by an arrangement with Eastman the amount bid was credited on the

---

[1] [Reported by Hon. Matthew P. Deady, District Judge, and here reprinted by permission.]

decree, and that the defendant then knew that the decree had been fully paid.

Although the fact is not explicitly stated in the complaint. it must be inferred from what appears therein, that the plaintiff, after the order of sale was issued, succeeded in some way to the interest of Fremont and others, and thereby became entitled to redeem the property from the purchaser, at the sale aforesaid.

On this state of facts the plaintiff claims that the payment by it to the defendant was made under such compulsion as entitles it to maintain this action to recover back the amount so paid.

The case of the plaintiff has been presented with great zeal and ability by counsel. but my judgment is not convinced. The leading case cited for the plaintiff (Boston & S. Glass Co. v. City of Boston, 4 Metc. [Mass.] 187) gives the rule on this subject as follows: "If a party with a full knowledge of all the facts of the case, voluntarily pays money in satisfaction or discharge of a demand unjustly made on him, he cannot afterwards allege such payment to have been made by compulsion, and recover back the money, even though he should protest, at the time of such payment. that he was not legally bound to pay the same. The reason of the rule. and its propriety, are quite obvious, when applied to a case of payment upon a mere demand of money, unaccompanied with any power or authority to enforce such demand except by a suit at law. In such case. if a party would resist such demand, he must do so at the threshold. The parties treat with each other on equal terms, and if litigation is intended by the party of whom the money is demanded, it should precede payment. If it were not so, the effect would be to leave the party who pays the money the privilege of selecting his own time and convenience for litigation; delaying it, as the case may be, until the evidence, which the other party would have relied upon to sustain his claim, may be lost by the lapse of time and the various casualties to which human affairs are exposed. "The rule alluded to, when properly applied, is doubtless a salutary one, and is not to be departed from, but in cases resting in a plain and obvious distinction from such as are ordinarily and familiarly known as embraced within it."

The court then states the exception as follows: "If there be a controlling necessity in the case, arising from the peculiar circumstances under which the money is demanded, the rule does not apply." The cases cited in support of this exception to the general rule. are, where money is extorted by duress of goods as where a party having the plate of another in pawn. refuses to deliver it to the owner. except upon the payment of an illegal demand; or where tonnage or light money is illegally demanded by a collector as a condition precedent to granting a clearance to a vessel, or to liberate a raft of lumber detained to exact an illegal toll; "and generally where money is paid to obtain possession of property which the party, making the illegal demand, has under his control, such payment will be considered compulsory." Astley v. Reynolds, 2 Strange, 916; Ripley v. Gelston, 9 Johns. 201; Chase v. Dwinal, 7 Greenl. 134; Shaw v. Woodcock, 7 Barn. & C. 73; Morgan v. Palmer, 2 Barn. & C. 729.

In the case at bar. the facts were all known to the plaintiff at the time of payment. The property alleged to be in duress, was in its possession and still remains so. No demand was made upon the plaintiff for money whatever. But on the contrary, the plaintiff as a volunteer came forward and paid this money to the defendant, for the purpose, at most, of removing what it deemed a cloud upon its title, or preventing a further cloud from settling thereon.

While I do not admit the doctrine contended for by defendant's counsel, that the duress of real property is never a sufficient compulsion to justify the payment of an illegal demand, I think it will be found, that a mere cloud upon the title. or of a threat to create one, has never been held to produce such compulsion. Suppose a case: a mechanic files a lien upon the property of A. The demand for which the lien is filed is an illegal one in whole or in part. So long as this claim remains of record unsatisfied, it may be said to be a cloud upon the title of the owner. But that is not a controlling necessity which compels the owner to pay the illegal demand, and if he does pay it with knowledge of the facts, he cannot recover back the amount. To make it a case of payment under compulsion, there must be an illegal demand, coupled with a present power or authority in the person making such demand, to sell or dispose of the property, if payment is not made as demanded. The case of a mortgage with a power of sale by the mortgagor without judicial proceedings, or of a mortgagor in possession after condition broken, or of a tax collector armed with a warrant which authorizes him to distrain property for taxes, are the leading instances given in the books of duress of real property which excuses the payment of an illegal demand with knowledge of the fact.

Hays v. Hogan, 5 Cal. 241. is cited by plaintiff to show that a party paying money to prevent a cloud upon his title to real property. may recover the amount. because paid under compulsion. In that case the defendant was proceeding to sell the property of the plaintiff for municipal taxes, upon a warrant authorizing him to distrain for the same. The court held that the tax was illegally assessed; and this was sufficient to justify the conclusion that the plaintiff was entitled to recover back the money. It is true that the court in the course of its opinion say, that the plaintiff paid his money "to protect his property from a clouded title;" but it appears to me that the expression was a mere inadvertence.

The illegal collection or exaction of taxes,

tolls or fees, by persons having official position or under color of office, are placed upon peculiar grounds, and for obvious reasons. Money paid upon a demand made under such circumstances, has been recovered back, when as between private parties, dealing upon equal terms, the action could not have been maintained. In this case the plaintiff was under no such compulsion. At most, there was but a cloud upon his title, by reason of the sale and sheriff's certificate. The money was not paid to prevent this, for it was already a fact accomplished. True a conveyance from the sheriff to the defendant would follow in six months, unless the plaintiff redeemed, by the payment to the former of the purchase money. But the defendant did not demand this money of the plaintiff and could not collect it by law. The plaintiff having volunteered to become the successor in interest to the judgment debtor, sought to redeem the property from the effects of the sale. This was a privilege which the law gave it, to be exercised or not at its own option. The plaintiff was the actor. Under these circumstances, one of two courses was open to it; either to resist the proceedings founded on the sale, on the ground of its illegality, or to submit to them and redeem. In the former case the plaintiff could have had the sale set aside and the order therefor returned. The court, where the proceedings were pending had control over its officer and process, and upon the facts alleged would undoubtedly have given the plaintiff relief. And, in any event, it might have brought a suit in equity to set aside the conveyance and sale as illegal and a cloud upon its title. But the plaintiff, instead of resisting this claim at the threshold, chose to pay the defendant the purchase money and redeem. Having made its election, without such compulsion as makes the payment in contemplation of law involuntary, it must abide the result, and cannot recover the money back.

The demurrer to the complaint is sustained.