[No. 3,935.]

## WILLIAM MEEK v. RICHARD McCLURE.

49   623
124   342

ASSESSOR MAY APPOINT DEPUTIES.—The Legislature has the authority to provide that assessors may appoint deputies with power to perform official acts in the names of their principals, and an assessment made by such deputies is valid.

FINDING OF FACTS.—If there are no findings of facts as such filed, and the Court renders a decision in writing in which certain facts are recited, the facts recited in the decision will be accepted by the Appellate Court as having been found.

COMPLAINT IN ACTION TO RECOVER BACK TAXES PAID.—There is no rule of pleading which requires a party who sues an officer to recover back money illegally exacted from him, to aver in his complaint the precise amount of money which was illegally exacted, but he may recover an amount less than that stated in the complaint.

Recovery of Money paid under Duress.—If money illegally exacted is paid, under coercion, to a party for his own use, no protest is necessary in order to lay the foundation for an action to recover it back.

Payment of Money to an Officer under Duress.—If a public officer who illegally demands money of a person and exacts the payment thereof by coercion has notice of the facts which render the demand illegal, the party who pays him the money need not make the payment under protest in order to be able to recover it back, but if the officer has no notice of such illegality, a protest is necessary.

Idem.—When a protest is necessary to enable a party who pays money to an officer, illegally exacted, to recover it back, the protest must state the grounds upon which the party paying the money claims that the demand is illegal.

Money Paid Under Protest.—If a Board of Equalization increases the assessed value of a tax-payer's property without having acquired jurisdiction to do so, and the money is paid to the Tax Collector under protest and under coercion, and there is nothing in the assessment roll or documents which come to the hands of the Tax Collector to notify him that the action of the Board of Equalization was illegal, the protest must notify him of that fact.

Appeal from the District Court, Third Judicial District, County of Alameda.

The plaintiff was the owner of several tracts of land in the county of Alameda. These tracts were separately assessed by the deputies of Edwin Hunt, who acted as Assessor, in the year 1870. The defendant McClure was Treasurer and *ex-officio* Collector of Alameda county, and when the tax became delinquent, added thereto, as required by law, five per cent. The total tax was $2,388 47, and the defendant, on the 21st day of November, 1870, levied upon the property taxed, and advertised that he would sell it on the 17th of January, 1871, for the tax of 1870. The plaintiff, to prevent a sale, on the 14th day of January, 1871, paid the defendant the sum of $2,388 47, which was the tax, five per cent. and costs. The testimony of the defendant showed that the amount of tax paid by the plaintiff, by reason of his assessment having been raised, was $171 43. This action was brought to recover back the entire tax paid. The Court below rendered judgment for the defendant.

The other facts are stated in the opinion.

*H. K. W. Clarke*, for the Appellant.

The assessment was illegal, because Hunt was not the

Assessor. It was also illegal, because made by deputies of Hunt. This, we submit, shows no assessment by a person elected as Assessor by the qualified electors of the district or county.

The right of citizens to have their property assessed by a person of their own selection, is a right reserved to them in the Constitution of the State. (Sec. 13, Art. 11; *People* v. *Hastings,* 29 Cal. 449; *People* v. *P. & S. R. R. Co.,* 34 Cal. 656; *Reily* v. *Lancaster,* 39 Cal. 359.)

There is no complaint made before the Board of Equalization respecting the assessment made by the Assessor. Such a complaint was necessary to give the Board jurisdiction. (*People* v. *Reynolds,* 28 Cal. 111; *People* v. *Flint,* 39 Cal. 670.)

*John W. Dwinelle,* for the Respondent.

If the increase was unlawful, the original tax was still due, and plaintiff should have tendered the amount so due. His tender of a larger amount, under a protest that nothing was due, gives him no right of action. (*Hersey* v. *Supervisors of Milwaukie,* 16 Wis. 194–195; *Bond* v. *City of Kenosha,* 17 Wis. 284; *Conway* v. *Township Waverly,* 15 Mich. 263; *Palmer* v. *Napoleon Township,* 16 Mich. 176; *Taylor* v. *Thompson,* 42 Ill. 9; *Phillips* v. *City of Stevens Point,* 25 Wis. 596; *Mathewson* v. *Town of Mayomonte,* 26 Wis. 191; *Elliott* v. *Swartwout,* 10 Peters, 138; *Berder* v. *Hoyt,* 13 Pet. 263–264; *McMillan* v. *Richards,* 9 Cal. 365; *McMillan* v. *Vischer,* 14 Cal. 232.)

It does not appear that the appellant has paid any excess of taxes; nor, if so, what that excess was.

By the Court, RHODES, J.:

This is an action to recover back from the Tax Collector of Alameda County, the amount of money paid by the plaintiff under protest, the same being the amount claimed by the Tax Collector to be due for the taxes upon certain real estate and the personal property of the plaintiff, and for the percentage, costs, etc., which accrued because of

the failure of the plaintiff to pay the taxes at the time prescribed by law. The Court ordered judgment for the defendant and subsequently denied the plaintiff's motion for a new trial on the ground "that there is no error in the judgment." The decision of the Court will be regarded as a denial of the motion, although "error in the judgment" is not specified as one of the grounds of the plaintiff's motion, and is not a statutory ground of such motion.

The plaintiff contends that the whole tax is void, because the property was not duly assessed; and that if not void in whole it is void in part, because the valuation of two of the tracts was illegally increased by the Board of Equalization.

It is contended that Hunt was not the County Assessor—that there was no law authorizing the election of a County Assessor in that County at the time when he was elected, and that therefore the assessment is void. This question was presented in *People* v. *Hunt*, (41 Cal. 435,) and it was then held that Hunt was the County Assessor—that the law in force at the time of his election authorized the election of a County Assessor. That was not an open question in this Court when the case was presented.

It is also urged that the assessments are invalid because made by the Assessor's deputies; that the law requires the Assessor himself to determine the valuation to be placed on property; that he had no right to act by deputy. This position is manifestly untenable. The authority of the Legislature to provide that Assessors may appoint deputies, with power to perform official acts for them and in the names of their respective principals, is, in our opinion, beyond all question.

The Court rendered a decision in writing, in which certain facts are recited; and as no findings as such were filed, the facts recited in the decision will be taken and accepted as found. The other facts in issue are, by implication, to be considered as found for the prevailing party—the defendant. It is stated in the decision that "there was, in fact, no complaint filed before the Board that the assessment made by the Assessor was too low;" and it is admit-

ted by the pleadings that the assessment of two of the parcels of real estate was increased in the sum of $7,900 by the Board of Equalization; but it is not stated in the complaint, nor is it found by the Court what amount was paid by the defendant for taxes, percentage and costs on account of such increase in the valuation; and from the refusal of the Court to give the plaintiff judgment for the amount of such taxes, percentage and costs, on the ground stated in the decision, it will be implied that the Court did not find that any amount was paid by the plaintiff on account of such increased valuation. The amount paid on that account was proven by the testimony of the Tax Collector. If the Court ought to have found that an amount was so paid by the plaintiff then a new trial ought to have been granted. This question has not been expressly passed upon, so far as we are aware, in any case in this Court. The District Court was of the opinion that although the tax upon the increased valuation was void, the plaintiff could not recover it back, because he had not stated in the complaint, how much of the taxes paid by him was void, was paid on account of the increased valuation; and because the plaintiff in paying the whole amount of taxes, did not "tender to the Tax Collector that portion of the taxes which they [he] considered valid, and protest against the payment of that which they [he] considered void, but he protested against the payment of the whole tax"—that is to say, he did not pay under protest the amount (particularly specifying it) claimed to be due on account of the increased valuation of his property.

There is no rule of pleading which requires a party to aver the precise amount of money which was illegally exacted from him, but he may recover an amount less than that which is stated in the complaint.

It was held in *Hayes* v. Hogan, 5 Cal. 243 ; *McMillan* v. *Richards*, 9 Cal. 417; *Falkner* v. *Hunt*, 16 Cal. 170, and other cases in this Court, that if money which is not legally due is exacted by means of duress or coercion, it may, if paid under protest, be recovered back. The purpose and effect of the protest is not satisfactorily defined in any of

those cases. In one of them it is said that one purpose of
the protest is to take from the payment its voluntary char-
acter; but it is manifest that it is involuntary only, because
of the coercion, the duress, or the undue advantage exer-
cised or possessed by the party to whom the payment is
made. If money is paid, under those circumstances, to a
party for his own use, no protest is necessary in order to
lay the foundation of an action. In most of the cases in
which the effect of a protest is considered, the payment
was made to a public officer; and the only purpose of the
protest was to give the officer notice that the money was not
legally due, and thus to enable the officer to protect himself
against the consequences of an action to recover the money
back from him. The officer is thereby put on inquiry as to
whether the money is legally due ; and if he finds that the
demand is illegal, he may protect himself by refusing to
receive the money; or, if he finds that it is of doubtful le-
gality, he may take the proper steps to avoid, or protect
himself against responsibility. If the officer has notice of
the matter which renders the demand illegal, another notice
in the form of a protest would be useless; but if he has no
knowledge of such matter, he ought not to be subjected to
the costs and consequences of an action to recover the
money from him—and that too, perhaps, after he has paid
over the money in the usual course of official business—
without notice from the party paying the money of the
grounds upon which he claims that the demand is not
legally due. Wherever a protest is essential, it is, there-
fore, necessary to state the grounds upon which the party
paying the money claims that the demand is illegal. The
statement of the precise amount which is claimed to be il-
legal, when a part of the demand is legal, is of but little
moment, for that, as in this case, can readily be ascertained
by the official to whom the money is paid, upon being in-
formed of the ground upon which payment would be re-
fused, except for the coercion or duress. In this case the
defendant was not informed by the protest that the plaintiff
claimed that the action of the Board of Equalization was
void; and there was nothing in the assessment roll or other

document which came to the hands of the defendant, as the Tax-Collector, which would impart notice to him that the action of the Board of Equalization in increasing the valuation of the plaintiff's property was void, because the order was made without any complaint having been filed before the Board, stating that the valuation was too low. The protest, in our opinion, was not sufficient to entitle the plaintiff to maintain an action to recover back the amount paid on account of the increase of the valuation of the property.

Judgment and order affirmed.

Mr. Justice McKINSTRY concurred in the judgment.
Mr. Chief Justice WALLACE did not express an opinion.