[No. 5591.]

# ARCADIA B. DE BAKER v. J. J. CARILLO.

| 52 | 473 |
| 78 | 453 |

RECOVERY OF TAX PAID UNDER PROTEST.—If the owner of a lot in a city. pays an assessment levied on the same for improving it, which is illegal and void, it will be regarded as a voluntary payment, and he cannot recover it back in an action at law against the officer, even if it was paid under protest after a threatened sale.

RECALLING A REMITTITUR.—A remittitur will not be recalled on the ground that before it was issued a petition for a rehearing had been forwarded to the Clerk, but had failed to reach him through excusable neglect, if upon an examination of the petition it appears that a rehearing would not be granted.

APPEAL from the District Court, Seventeenth Judicial District, County of Los Angeles.

The defendant was Marshal of the City of Los Angeles. The complaint alleged that the plaintiff owned a lot in said city, and that the city authorities had levied an assessment of one thousand six hundred and forty-three and twenty-two one-hundredths dollars on it for the construction of the main sewer of

the city; and that the assessment was illegal and void, and without authority of law; and that the Marshal had threatened to sell the lot on the 3rd of April, 1876, by virtue of a warrant issued by the Clerk, for the assessment; and that the plaintiff, to prevent a sale, had paid the money to the Marshal, on the 1st day of April, 1876, under protest. The defendant demurred because the complaint did not state facts sufficient to constitute a cause of action. The Court overruled the demurrer, and the defendant answered. The Court below found facts which invalidated the assessment, and rendered judgment for the plaintiff. The defendant appealed.

*John F. Godfrey,* for the Appellant.

The illegality of the demand paid constitutes in itself no ground for relief. There must be in addition some compulsion or coercion attending its assertion which controls the conduct of the party making the payment. If he voluntarily pay an illegal demand, knowing it to be illegal, he is entitled to no consideration; and if he pay in ignorance of the law, he is in no better position. (*Brummagen* v. *Tillinghast,* 18 Cal. 271; *Bucknall* v. *Story,* 46 Cal. 595.) The assessment being void, the sale by the Tax Collector would be simply a nullity, and his deed would not be *prima facie* evidence of title, and therefore would impose no cloud. (*Bucknall* v. *Story,* 36 Cal. 67; *Law* v. *Lewis,* 46 Cal. 549.) The payment, therefore, under protest, will not avail her. The payment under protest is to take from the payment its voluntary character, and thus conserve to the party a right of action to recover the money. (*McMillan* v. *Richards,* 9 Cal. 417; *Brummagen* v. *Tillinghast,* 18 Cal. 267.) If a party pays an illegal claim under protest, the payment nullifies the protest. (*Fleetwood* v. *City of New York,* 2 Sanford, 481; *Bucknall* v. *Story,* 46 Cal. 597.)

*Brunson, Eastman & Graves,* for the Respondent.

The payment was not voluntary. (*Guy* v. *Washburn,* 23 Cal. 111; *Hogan* v. *Hogan,* 5 Cal. 243; *Falkner* v. *Hunt,* 16 Cal. 167.) A party called on to peremptorily pay under a war-

rant, and who can save himself and property in no other way than by paying the illegal demand, may give notice that he does it by duress, and not voluntarily, and may recover it back as money had and recovered. (*Amesbury* v. *Amesbury*, 17 Mass. 461; *Hubbard* v. *Brainard*, 35 Com. 567.)    The same doctrine is held in *Preston* v. *Barton*, 12 Pick. 14.)

By the COURT:

The demurrer should have been sustained on the ground that there was no duress in point of law. (*Buchanan* v. *Story*, 46 Cal. 595.)

Judgment and order reversed, and cause remanded. with directions to sustain the demurrer to the complaint.

Opinion by the COURT on application to recall the remittitur:

An application has been made to us to recall the remittitur issued in this case, on the ground that a petition for a rehearing was prepared and forwarded within the proper time, but through the inadvertence or excusable neglect of the person to whom it was transmitted to be filed with the Clerk, it was not, in fact, filed within the proper time, nor until after the remittitur was issued.    Accompanying the affidavit in support of the application, we have been furnished with copies of the petition for a rehearing which it is proposed to file, in case the remittitur be recalled.    We have examined and considered the petition for a rehearing, and find nothing in it. to shake our confidence in the correctness of our former ruling.    It is unnecessary for us to determine whether there is a sufficient showing to justify us in recalling the remittitur, inasmuch as it would be a vain act to recall it when the proceeding would only result in an adherence to our former ruling on the merits of the appeal.

Application denied.