[No. 10174.    Department Two.    May 8, 1912.]

THE STATE OF WASHINGTON, *Respondent*, v. F. A. POMEROY, *Appellant*.[1]

INTOXICATING LIQUORS—OFFENSES—UNLAWFUL SALE — PROHIBITED DISTRICTS—DRUGGISTS—STATUTES—CONSTRUCTION. Rem. & Bal. Code, § 4744, making it unlawful to sell or in any way dispose of intoxicating liquors with or without a license, within two thousand feet of any normal school, prohibits sales by druggists within the restricted district; as exceptions cannot be made by construction where the language is plain and unequivocal.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered November 22, 1911, upon a trial and conviction of selling liquor within 2,000 feet of a normal school. Affirmed.

*W. T. Stoll* and *Oscar C. Nelson*, for appellant.

*John L. Wiley* and *M. E. Jesseph*, for respondent.

DUNBAR, C. J.—This case involves the construction of Rem. & Bal. Code, § 4744, which is as follows:

"It shall be unlawful to sell or in any way dispose of any vinous, spirituous, malt or other intoxicating liquors, with or without a license, within two thousand (2,000) feet of any normal school, agricultural college, reform school, or state school for defective youth, now established or which may hereafter be legally established within the state of Washington: Provided, that nothing in this section shall be construed to affect in any way the provisions of the two last preceding sections."

[1] Reported in 123 Pac. 514.

The agreed statement of facts shows that the appellant for many years had been, and at the time of the filing of the information in this case was, a duly licensed practicing physician and druggist, and owned a drug store situated within two thousand feet of the Cheney normal school. At the date mentioned in the complaint, the defendant, as a physician, prescribed a quart of whiskey for a patient, who took the prescription to the defendant's drug store, where it was filled by a duly licensed pharmacist who had charge of defendant's drug store, acting under and by his direction and by his authority. Defendant was found guilty of violating the statute. Judgment was entered and this appeal follows:

The single question involved is, Is the appellant, by reason of his being a physician and pharmacist, exempt from the operation of the law? In support of his contention, appellant cites the following from *36 Cyc. 1106:*

"The great fundamental rule in construing statutes is to ascertain and give effect to the intention of the legislature. This intention, however, must be the intention as expressed in the statute, and where the meaning of the language used is plain, it must be given effect by the courts, or they would be assuming legislative authority. But where the language of the statute is of doubtful meaning, or where an adherence to the strict letter would lead to injustice, to absurdity, or to contradictory provisions, the duty devolves upon the court of ascertaining the true meaning. If the intention of the legislature cannot be discovered, it is the duty of the court to give the statute a reasonable construction, consistent with the general principles of law. . . . Closely allied to the doctrine of the equitable construction of statutes, and in pursuance of the general object of enforcing the intention of the legislature, is the rule that the spirit or reason of the law will prevail over its letter. Especially is this rule applicable where the literal meaning is absurd, or, if given effect, would work injustice, or where the provision was inserted through inadvertence. Words may accordingly be rejected and others substituted, even though the effect is to make portions of the statute entirely inoperative. So the

meaning of general terms may be restrained by the spirit of reason of the statute, and general language may be construed to admit implied exceptions."

Unquestionably the first duty of the court is to determine the intention of the legislature. That is the law-making power. All of the canons of construction relied upon by appellant are only brought to bear where the language of the statute is of doubtful meaning, and courts should be exceedingly careful in annulling the provisions of a statute by construction when the language is plain and unequivocal, or because in its opinion the enforcement of the law as plainly expressed would lead to injustice; lest under the claim and guise of construction, it arbitrarily substitutes its judgment for the judgment of the law-making power. It is fundamental that, with the wisdom or unwisdom, the policy or impolicy of the enactment, within constitutional limits, the legislature is supreme. The legislature is a representative body; the members are elected with reference to their views on questions of public policy and of local interest. Through their agents the will of the people crystalizes into law and, within the limits we have mentioned above, becomes supreme. And whether the enactment or enforcement of a law will lead to injustice or absurdity is for the legislature to determine. There is always a difference of opinion on these questions of public policy, and especially with reference to prohibitory or sumptuary legislation.

The language of the act is in no way limited. The theme is the disposing of intoxicating liquors within two thousand feet of certain designated institutions. The prohibition is as follows: "It shall be unlawful to sell or in any way dispose of any vinous, spirituous, malt or other intoxicating liquors, with or without a license, within two thousand (2,000) feet of any normal school," etc. It is unequivocal, plain, emphatic, without reservation, and evidently represents the legislative idea of suitable laws for the protection

of students of these institutions. If, in the judgment of the legislature, an exception should have been made in favor of druggists, the exception would have been expressed, as it is in many other provisions in relation to the sale of intoxicating liquors. We have recently held, in *State v. Robinson*, 67 Wash. 425, 121 Pac. 848, in construing the local option law, that limitations or provisions were not to be construed into a statute. In the case there under consideration, the law provides that, when a vote has become operative within a dry unit, it shall not be lawful to sell, give away, or in any manner dispose of intoxicating liquors in any quantity whatever within such unit. But special provision is made in the act for selling in such territory by druggists and pharmacists, and appellant's contention in that case was that the prohibition only reaches to sales by retail. We held, however, that, had it been the intention of the legislature to make any exceptions, it would have been expressed in the act, the court saying:

"The act is pregnant with but one meaning, and that meaning is that intoxicating liquors shall not be sold in dry units except by druggists and pharmacists. Any other view would take the life blood out of the act. The wholesaler within a dry unit must, like his competitor without that unit, make his sales in wet territory. As we have suggested, had it been the intention of the law-making body to permit a unit to prohibit only the sale of intoxicating liquors at retail, that purpose would have been expressly stated in both the title and the body of the act, and it would not have taken twenty-two sections to state it. To hold that the language in the proviso at section 18 implies the right of a wholesaler in a dry unit to both sell and deliver therein would be to read out of the statute words of clear and certain meaning, and to read into it a privilege which the law-making branch of the government deemed it wise to withhold."

The same might with equal propriety be said here. In the law under consideration there, an exception was made in favor of druggists, but none is made in their favor in this

statute. It must be concluded that none was intended. It is said by Sutherland on Statutory Construction, § 236:

"The certainty of the law is next in importance to its justice. And if the legislature has expressed its intention in the law itself, with certainty, it is not admissible to depart from that intention on any extraneous consideration or theory of construction."

The laws governing the sale of liquor, notwithstanding the meaning of the laws can readily be ascertained by the direct and positive language employed, would indeed become uncertain if they were held susceptible of construction because, in the opinion of some one, the law was unreasonable. Laws will always be regarded as unreasonable by those whose interests are deleteriously affected by such laws; but as we have intimated, the proper forum for a discussion and determination of such question is the legislature.

The judgment is affirmed.

ELLIS, MOUNT, MORRIS, and FULLERTON, JJ., concur.