[Civ. No. 2252.   First Appellate District.—December 15, 1917.]

## CLIFFORD McCLELLAN, Appellant, v. STATE OF CALIFORNIA et al., Respondents.

ACTION AGAINST STATE—RECOVERY OF CORPORATION LICENSE TAXES—CONSENT ESSENTIAL.—An action cannot be maintained by the assignee of a large number of corporations against the Secretary of State and state treasurer to recover sums of money paid by the assignors to the Secretary of State under the provisions of the annual corporation license tax law, without the consent of the state itself, since the state is the real party against whom the relief is sought.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Geo. A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

McClellan & McClellan, for Appellant.

U. S. Webb, Attorney-General, and Raymond Benjamin, Chief Deputy Attorney-General, for Respondents.

KERRIGAN, J.—This action was brought by the plaintiff, as assignee of a large number of corporations, for the recovery of various amounts aggregating the sum of $71,680.50, paid by them to the Secretary of State under the provisions of the annual corporation license tax law.

Demurrers, both general and special, on behalf of the state and the other defendants were interposed, which demurrers were sustained by the trial court upon the ground that the court had no jurisdiction of the subject of the action, for the reason that the plaintiff could not maintain an action against the state without its consent.

The defendants, Frank C. Jordan and Friend W. Richardson, are officers of and represent the state, and the state is the real party against whom the relief is sought; and if the ruling of the trial court is correct, all of the defendants fall within the rule of prohibition.

There is not now, nor has there ever been, any statute of this state authorizing anyone to institute against the state, or any of its officers, an action for the recovery of any fee or

sum of money of the character here involved. The only statute permitting the institution of such suits is the act of February 28, 1893 (Stats. 1893, p. 57). This statute authorizes actions against the state by "all persons who have, or shall hereafter have, claims on contract or for negligence against the state not allowed by the State Board of Examiners."

This action is admittedly neither an action on contract nor because of negligence, but counsel for appellant claims his right of action has foundation irrespective of any permissive act. The substance of his contention is that the rule that a state cannot be sued except with its consent is a common-law rule which originated in the minds of the kings of England in the middle and dark ages, which would not permit the redress of a wrong against the king because of his divine sovereignty; and he argues that the rule has become antiquated and benighted, and has no place in these advanced and modern days; and he insists that an action against the state is no part of sovereignty, and intimates that rulings of courts based on that principle are old and antiquated, entirely erroneous, and that they should have no place in our modern scheme of advanced government and enlightened civilization.

This precise question arose in the early period of the history of our country, and engaged the minds of such publicists as Hamilton, Madison, and Marshall, and the doctrine was given full consideration by the supreme court of the United States in many cases. Various foundations for the principle upon which this exemption of liability from suit is based have been given, the broader reason being that it would be inconsistent with the very idea of supreme executive power, and would endanger the performance of public duties. In the important case of *United States* v. *Lee*, 106 U. S. 196, [27 L. Ed. 171, 1 Sup. Ct. Rep. 240], Mr. Justice Miller considered the question of suability of a sovereign from an historical standpoint. (See, also, *Chisholm* v. *Georgia*, 2 Dall. (U. S.) 419, [1 L. Ed. 440].) The books abound with discussions and conclusions upon the subject. No useful purpose, however, would be served by a review of those authorities.

Whatever the reason may be it is sufficient to say that it is an established principle of jurisprudence in all civilized

nations that a state cannot be sued without its consent. This is a privilege of sovereignty, and the rule is universally enforced, and needs no citation of authority for its support. We see no reason why it should be changed. Plaintiff is not without relief, however. If there is merit in his claim, undoubtedly the legislature will make suitable appropriation for its payment.

Judgment affirmed.

Lennon, P. J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 13, 1918.