[S. F. No. 13239. In Bank.—February 26, 1929.]

WELSBACH COMPANY (a Corporation), Appellant, v. STATE OF CALIFORNIA et al., Respondents.

A. A. Sanderson for Appellant.

U. S. Webb, Attorney-General, and Frank L. Guerena, Deputy Attorney-General, for Respondents.

Gaylord & Smith, Willard P. Smith and David Livingston, *Amici Curiae* for Appellant.

RICHARDS, J.— This was an action instituted by the plaintiff, a foreign corporation, against the state of

California and the Secretary of State and State Treasurer thereof, to recover certain license taxes paid by plaintiff to the state under protest during the years 1926 and 1927, pursuant to the requirement of section 3 of the Corporation License Act of 1915 (Stats. 1915, p. 422, Deering's Gen. Laws, Act 1743), and which section of said act was subsequently held to be unconstitutional by the decision of this court in the case of *Perkins Mfg. Co.* v. *Jordan,* 200 Cal. 667 [254 Pac. 551]. The respondents, through the attorney-general, demurred to the complaint upon the ground of a lack of jurisdiction in the court over the defendants or the subject of the action, the attorney-general contending that as to the state there existed no law which permitted it to be sued upon the cause of action set forth in the complaint, and that as to the other two defendants, they were not liable upon said cause of action, either in their official or individual capacity. The trial court sustained the demurrer with leave to the plaintiff to amend and upon the failure of the plaintiff so to do judgment was entered in the defendants' favor. It is from such judgment that this appeal has been taken. It is the contention of the appellant that the trial court was in error in sustaining the demurrer and in entering the judgment appealed from for the reason that, as to the state of California, statutory authority exists which would entitle the plaintiff to maintain this action. In making this contention appellant relies upon the act of the legislature approved February 28, 1893 (Stats. 1893, p. 57), and entitled, "An act to authorize suits against the State and regulating the procedure therein." Section 1 of the act provides as follows: "All persons who have, or shall hereafter have, claims on contract or for negligence against the State not allowed by the State Board of Examiners, are hereby authorized, on the terms and conditions herein contained, to bring suit thereon against the State in any of the Courts of this State of competent jurisdiction, and prosecute the same to final judgment. The rules of practice in civil cases shall apply to such suits, except as herein otherwise provided." It must be conceded that the action which the plaintiff has instituted is an action, in form at least, upon an implied contract. It is one of that class of actions which has long been recognized in this state as being maintainable under the form of the common-law action in

*assumpsit,* under which one who has come into the possession of the money of another, to which in law he is not entitled, may be required to restore such money to the rightful owner thereof. In order to effect such restoration the courts. at common law and in many states have recognized the fiction of an implied contract and have permitted recovery thereon under the form of the common-law action. Prior to the year 1893 such actions or causes of actions, while. existing as recognized forms of recovery in that class of actions, between individuals, had not been permitted to be maintained against the state itself, with the result that persons having just and equitable rights to receive back from the state moneys which they had paid into its treasury under the compulsion of laws which were thereafter found to be invalid, were without remedy other than by way of appeal for relief through special act of the legislature. Prior, also, to 1893 persons having causes of action against the state for injuries arising by reason of the negligence of its officials or employees were not permitted a recovery against the state in the courts, but were relegated to the uncertain mercies of the legislature for relief. It was doubtless for the purpose of a definite departure from the long-held rule of law that the sovereign could not be made a party to actions of any sort against it without its consent, that the legislature of California, in its wisdom, saw fit to adopt the act of 1893, above referred to. The title of said act, as we have seen, is general and remedial and indicated the purpose of the legislature to so far work a departure from the old hard rule of nonliability as to permit those classes of actions to be maintained against the state which are expressly referred to in the section of the act above quoted. When we turn to the body of the act and of said section thereof we find that its language is also broadly general and inclusive. It provides that "All persons who have, or shall hereafter have, claims on contract or for negligence against the state . . . are hereby authorized . . . to bring suit thereon against the state." It would seem from the foregoing language that it was the intent of the legislature to embrace within the permissive terms of said statute those two great divisions or forms of actions which are included within the phrases "*ex contractu*" and "*ex delicto*" and which embrace, generally speaking, all those forms of

actions through which remedies between individuals are sought in courts of justice. The phrase in said statute "claims on contract" has been quite generally held to mean and to refer to "causes of actions upon contract" (*Gray* v. *Palmer,* 9 Cal. 616, 636; *Northwestern Bank* v. *State,* 18 Wash. 76 [42 L. R. A. 33, 50 Pac. 586]; *Riddock* v. *State,* 68 Wash. 389 [Ann. Cas. 1913E, 1033, 42 L. R. A. (N. S.) 251, 123 Pac. 460]), while in Lewis' Sutherland on Statutory Construction, second edition, section 400, it is stated that, "All demands against the state for the payment of money are claims, whether express or implied." The word "contract" used in said section of the statute must, according to the ordinary rules of interpretation, be held to bear the same meaning which is given to the word generally in the codes and statutes of the state. By the terms of section 1619 of the Civil Code, "A contract is either express or implied." By section 1620 thereof it is stated that, "An express contract is one of the terms of which are stated in words," while in section 1621 thereof it is set forth that, "An implied contract is one, the existence and terms of which are manifested by conduct." In the light of the foregoing definitions and decisions we are constrained to hold that the legislature in the use of the phrase "claims upon contract" intended to mean and to refer to "causes of actions upon contract, express or implied." If our foregoing interpretation of the aforesaid clause in said statute is correct, we find direct authority for the application thereof to actions of the character of this one in the case of *State of Indiana* v. *Mutual Life Ins. Co., etc.,* 175 Ind. 59 [42 L. R. A. (N. S.) 256, 93 N. E. 213], which was an action instituted by the respondent in that case against the state of Indiana for the recovery of a sum of money paid into the state treasury under the compulsion of a statute held to be illegal, and for the recovery of which action was brought against the state under the authority of an act of the legislature of the state of Indiana, adopted in 1895, and by the terms of which it was provided that such an action might be maintained against the state upon "a money demand arising at law out of contract, express or implied." The supreme court of Indiana went fully into the question as to the application of the language of said statute to demands in the form of actions of *assumpsit* against the

state to recover money which the state had received but which it had no legal or equitable right to retain for the reason that the statute under the compulsion of which such money had been paid had been found to be invalid. We are satisfied with the reasoning of that case and deem it to have direct application to the facts of the case at bar. The respondent state of California herein, however, places its main reliance upon the case of *McClellan* v. *State of California*, 35 Cal. App. 605 [170 Pac. 662], wherein, according to the insistence of the respondent, the contrary rule has been laid down. We have examined that case, and while it is true that the action therein was similar in its nature to that of the case at bar, and while it is also true that the act of 1893 was incidentally referred to during the course of the presentation of that case upon appeal, it is also true that the main reliance of the appellant therein was upon the proposition that regardless of any permissive act, the old rule as to the nonliability of the king or of the state had become obsolete to the extent of permitting him to maintain his action for the recovery of money illegally paid into the state treasury, regardless of the existence or nonexistence of the statute permitting him so to do. The case was evidently decided upon the theory that the foregoing was the only question involved in the case and any reference therein to the statute of 1893 was given but scant consideration. We do not, therefore, regard the decision in that case as binding upon this court. Neither do we consider the *dictum* in the case of *County of San Luis Obispo* v. *Gage*, 139 Cal. 398 [73 Pac. 174], as in any degree controlling upon our present view as to the effect to be given to the broad language of the statute of 1893. It is our conclusion that it was the intention of the legislature to give to persons, as against the state, the same right to sue and recover taxes which had been illegally imposed and paid under protest which that same class of litigants had long enjoyed and exercised for the recovery of taxes illegally imposed by counties and municipalities and for the recovery of which actions had always been held maintainable under the form of *indebitatus assumpsit*.

 There is another question presented in this case which requires but brief consideration. It is that of the

right of the plaintiff to maintain this action against the state upon his claim directly and without having first presented the same for allowance or disallowance to the board of control. It is sufficient to say that the statute of 1893, which first gave permission to persons having claims of this character to bring suit thereon against the state, contains no express provision that as a prerequisite to the institution of the action the claim must first have presented to and have been passed upon by any subordinate board or officer of the state. It is true that in the section of the act above referred to it is provided that the claims which may by its permissive force be sued upon are those which have been "not allowed by the state board of examiners," but the act nowhere else provides for the prior presentation of the claim to the state board of examiners, but, on the contrary, provides in section 7 thereof that after judgment has been rendered upon said claim "it shall be the duty of the controller to draw his warrant for the payment of any such judgment without any presentation to or approval of such claim by the state board of examiners whenever a sufficient appropriation for such payment shall have been made by the legislature."

As to the defendants and respondents herein, other than the state of California, to wit, Frank C. Jordan, as Secretary of State, and Charles G. Johnson, as Treasurer of the State, who are sued herein solely in their official capacity, it will suffice to say that in the case of *Hartford Fire Ins. Co. v. Jordan,* 168 Cal. 276 [142 Pac. 839], it was definitely held that the Secretary of State and State Treasurer were not suable for the recovery of money which had been collected and received by them, or either of them, in their official capacity under the terms of acts of the legislature which were subsequently declared to be void.

We conclude, for the foregoing reasons, that as to the demurrer presented to the complaint of the plaintiff on behalf of the defendant state of California the same was improperly sustained by the trial court; but that as to the defendants Frank C. Jordan, as Secretary of State, and Charles G. Johnson, as State Treasurer, the demurrer presented on their behalf was properly sustained.

The judgment as to the last-named defendants is, therefore, affirmed; but as to the defendant state of California

the judgment is reversed, with direction to the trial court to overrule its demurrer to the complaint herein.

Preston, J., Curtis, J., Shenk, J., Seawell, J., Langdon, J., and Waste, C. J., concurred.

Rehearing denied.

All the Justices present concurred.