[S. F. No. 12866. In Bank.—February 26, 1929.]

W. R. WHYTE, Appellant, v. FRANK C. JORDAN, Respondent.

Willard P. Smith and Gaylord & Smith for Appellant.

U. S. Webb, Attorney-General, and Frank L. Guerena, Deputy Attorney-General, for Respondent.

RICHARDS, J.— The plaintiff, as the assignee of the claims of several foreign corporations which, in the year 1926 had paid to the defendant in his official capacity as Secretary of State certain license taxes, under the compulsion of the Corporation License Act of the year 1915 (Stats. 1915, p. 423, and the acts amendatory thereof [Deering's Gen. Laws 1923, Act 1743]), and which act had been subsequently declared unconstitutional by this court in the case of *Perkins Mfg. Co.* v. *Jordan,* 200 Cal. 667 [254 Pac. 551], has brought this action to recover license taxes alleged to have been thus illegally collected, against the defendant Frank C. Jordan, individually, and not as Secretary of State of California. The defendant demurred to the plaintiff's complaint upon the ground that it did not state facts sufficient to constitute a cause of action. The trial court sustained the demurrer with leave to the plaintiff to amend, and upon his failure or refusal so to do entered its judgment in the defendant's favor. From such judgment the plaintiff has prosecuted this appeal. In support of the judgment the respondent places practically his entire reliance upon the former adjudication of this court in the case of *Hartford Fire Ins. Co.* v. *Jordan,* 168 Cal. 270 [142 Pac. 839], wherein the defendant herein, in his capacity of Secretary of State, and also individually, was made defendant

in an action in all essential respects identical to that of the case at bar, and wherein this court, after a very full consideration of the question presented upon that appeal, decided that the defendant therein could not be made the subject of an action in either his official or individual capacity for the recovery of taxes or licenses collected and received by him under a void statute, which taxes had been paid by him into the state treasury prior to the institution of such action. The appellant herein seeks to have us in this case overrule said decision and urges in support of his contention in that regard that the rule of the nonliability of a state official, in either his official or individual capacity, for taxes or licenses which have been paid to him under a statute subsequently declared to be void is contrary to the main current of authorities throughout the country, and particularly to the recent decisions of the supreme court of the United States in certain specified cases. The decision of the latter court, upon which the appellant mainly relies, is that of *Poindexter* v. *Greenhow*, 114 U. S. 270, 330 [29 L. Ed. 185, 207, 5 Sup. Ct. Rep. 903, see, also, Rose's U. S. Notes], wherein it was held that a tax collector, who had compelled the payment of certain delinquent taxes through the seizure of the property of the delinquent, was individually liable for the return of such taxes paid to him under the foregoing compulsion when the statute of the Virginia legislature, under which he had acted, had been by the federal courts declared void. The court, however, in that case was sharply divided over the question as to the right of the federal courts to exercise jurisdiction over the purely local and internal affairs of a sovereign state, and four justices of the supreme court of the United States united in an exhaustive dissenting opinion, stating their views in that regard. That case, however, has been followed by the federal courts in a number of later decisions to which the appellant refers, but in practically all of said cases to which we have been cited the record discloses some aggressive action or exaction on the part of the state or federal officials against whom an individual recovery was sought. In some of these cases also the collected taxes were still in the hands of the collecting officer and the direct action was upon that ground upheld. In a goodly number of the cases, both federal and state, upon which the appellant places reliance herein, it

was made to appear that the plaintiff in each of such cases would be entirely remediless unless through a recovery individually from the official collecting the taxes. In a number of instances the courts which have placed their decisions upon this ground, or which in certain cases have denied recovery, have referred to the fact that under the federal statutes, as well as under the statutes of a number of the states, provision has been made for the reimbursement of the state official who has thus been required to respond individually to an action for the recovery of a void tax. It may also be generally stated that in a number of the jurisdictions wherein the right of an individual recovery against the state official has been denied, such denial has been placed upon the ground that the state has in each instance provided for the institution of actions directly against itself for the recovery of taxes paid under protest to state officials under the compulsion of statutes thereafter held to be void. Under the foregoing state of the law in this and other jurisdictions we are constrained to uphold our former decision in *Hartford Fire Ins. Co.* v. *Jordan, supra,* as conclusive of the rights of the parties in the instant case.

We, however, find support for our conclusion in the further fact that in the case of *Welsbach* v. *State of California et al., post,* p. 556 [275 Pac. 436], we have held that persons seeking a recovery for taxes alleged to have been illegally collected under statutes thereafter declared to be void have been afforded a complete remedy in the form of actions brought directly against the state under the terms of the statute of 1893 (Stats. 1893, p. 57), and for this latter reason also we are of the opinion that the demurrer of the defendant was properly sustained.

The judgment is affirmed.

Preston, J., Curtis, J., Shenk, J., Seawell, J., Langdon, J., and Waste, C. J., concurred.

Rehearing denied.

All the Justices present concurred.