[Civ. No. 7392. First Appellate District, Division One.—December 9, 1930.]

W. R. WHYTE, Appellant, v. THE STATE OF CALIFORNIA et al., Respondents.

Willard P. Smith and W. L. Southwell for Appellant.

U. S. Webb, Attorney-General, and Charles A. Wetmore, Jr., and Alberta Belford, Deputies Attorney-General, for Respondents.

THE COURT.—Action to recover corporation taxes paid to the state under the Corporation License Tax Act (Stats. 1915, p. 422), as amended.

Plaintiff is the assignee of certain foreign corporations who paid license taxes for the years 1926 and 1927 under the act. The statute was declared to be unconstitutional in the case of *Perkins* v. *Jordan,* 200 Cal. 668 [254 Pac. 551], and taxes paid thereunder were held in *Welsbach* v. *State,* 206 Cal. 552 [275 Pac. 436], to be recoverable.

In the present action a judgment was entered by the trial court, allowing a recovery of all of the franchise taxes paid under protest and denying recovery of all paid without protest. Plaintiff appeals from that portion of the judgment denying recovery of the taxes paid without protest.

The sole question here presented is whether or not taxes collected under the unconstitutional act can be recovered back where no written protest was filed at the time of payment. Appellant's position is that the terms of the corporation license tax are so harsh and penalties provided for so severe and drastic that payment thereunder amounts to duress and such taxes are recoverable even though no written protest against the payment was ever filed.

The coercive provisions of the act, in the event of nonpayment of the tax, provided for the fine and imprison-

ment of any person who attempts to transact business of the corporation and all contracts of the corporation are declared to be void and unenforceable and it is deprived of the right to invoke the benefit of the laws limiting the time for the commencement of civil actions. (Gen. Laws, 1923 ed., p. 554 et seq.) It is obvious that payment under such circumstances cannot be considered voluntary. Payment is never voluntary when made under coercion and duress. Under the penalties provided for by the self-executing provisions of the act a corporation is either compelled to comply with same or go out of business. ■ Payment is therefore compulsory and not voluntary, and when payment is made under compulsion no protest is necessary in the absence of a special statute to the contrary, and here there is nothing in the permissive statute relating to the subject, the statute being silent upon the question. (26 R. C. L., p. 459; 3 Cooley on Taxation, 4th ed., sec. 1297; *Pacific Coast Co.* v. *Wells*, 134 Cal. 471 [66 Pac. 657]; *Grimes* v. *Merced Co.*, 96 Cal. App. 76 [273 Pac. 839].) It has been repeatedly held in this state that where an action is brought to recover taxes illegally collected under an act which did not provide for protest, that protest is not necessary. (*Otis* v. *San Francisco*, 170 Cal. 98 [148 Pac. 933]; *Brenner* v. *Los Angeles*, 160 Cal. 72 [116 Pac. 397]; 20 Cal. Jur., p. 968.) ■ Then, again, where an officer illegally demands money of a person and exacts the payment thereof by coercion, when at the time he has notice of the facts which render the demand illegal, the party who pays him need not make the payment under protest in order to be able to recover it back. (*Meek* v. *McClure*, 49 Cal. 623; *Grimes* v. *Merced Co.*, 96 Cal. App. 76 [273 Pac. 839]; 20 Cal. Jur., p. 968.)

■ Here it appears from the record that the Secretary of State at the time the taxes were paid had notice that the tax was being protested by other corporations. The law does not require a man to protest where a protest would be useless, and this is particularly so when the officer has notice of the illegality of the tax. (Woodward on Quasi Contracts, sec. 244; *Meek* v. *McClure, supra.*)

Further discussion of the subject would answer no useful purpose. The portion of the judgment appealed from is reversed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 8, 1931, and a petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 5, 1931.