[Civ. No. 7464. First Appellate District, Division Two.—January 21, 1931.]

CALIFORNIA SECURITIES COMPANY (a Corporation), Respondent, v. THE STATE OF CALIFORNIA, Appellant.

THE QUAKER OATS COMPANY (a Corporation), Respondent, v. THE STATE OF CALIFORNIA, Appellant.

U. S. Webb, Attorney-General, and Alberta Belford and Charles A. Wetmore, Jr., Deputies Attorney-General, for Appellant.

John A. Sinclair for Respondents.

LUCAS, J., *pro tem.*—These actions were brought by plaintiffs, respondents herein, to recover certain corporation license taxes paid by them under protest to Frank C. Jordan as Secretary of State, who was sued both individually and in his official capacity. The taxes were levied, assessed and collected under the provisions of the California Corporation License Tax Act (Stats. 1917, p. 371), which act had, prior to the institution of these actions, been declared unconstitutional by the Supreme Court. Both complaints herein were filed on December 31, 1927. Prior to this time, and in December, 1917, the District Court of Appeal for the First Appellate District, in the case of *McClellan* v. *State of California*, 35 Cal. App. 605 [170 Pac. 662], held that an action brought directly against the state for the recovery of moneys paid under the provisions of said act would not lie because the state could not be sued without its consent. This decision declared that the act of February 28, 1893 (Stats. 1893, p. 57), did not authorize such a suit. Subsequently, however, and on February 26, 1929, the Supreme Court, in the case of *Welsbach Co.* v. *State of California, Frank C. Jordan as Secretary of State and Charles G. Johnson as Treasurer of said State*, 206 Cal. 556 [275 Pac. 436], held that an action to recover taxes collected under an unconstitutional statute was authorized by the said statute of 1893, and would lie against the state itself but not against the Secretary of State or the state treasurer, or either of them, in their official capacity.

On April 1, 1929, the attorney-general of the state of California filed answers to the complaints herein denying the alleged involuntary character of the tax payments, and alleging that the actions were barred by the terms of said statute of 1893 and by section 339 of the Code of Civil Procedure.

Apparently with the Welsbach decision in mind, respondents on July 12, 1929, secured orders from the trial court reciting that the actions were in effect actions against the State of California; that the said State of California was the real party defendant; that the actions were being defended by the duly authorized attorney for the State of California, and ordering that the State of California be substituted in the place and stead of the defendants Frank C. Jordan and Frank C. Jordan as Secretary of State in the same manner and to the same effect as if the State of California had been named as a party defendant in the original complaints filed herein.

Thereafter, and on July 18, 1929, the attorney-general filed on behalf of the State of California new answers denying certain allegations of said complaints, and again affirmatively alleging that the actions were barred by the terms of the said statute of 1893 and by the provisions of section 339 of the Code of Civil Procedure.

The cases were tried and judgments rendered against the State of California for the amounts sued for.

The State of California now appeals, alleging as grounds of appeal: (1) that the original actions brought against the Secretary of State were not in fact actions against the State of California; (2) that the order substituting the State of California in the place of said Secretary of State was void; (3) that assuming the actions against the Secretary of State to be in fact actions against the State of California, the state was not properly in court because of noncompliance by respondents with the terms of the statute of 1893; and (4) that assuming the appearances by the attorney-general constituted waivers of the terms of the statute of 1893, the actions were barred by the statute of limitations because the appearances were made more than two years after the causes of action accrued.

We cannot agree with any of these contentions.

Primarily the substance of the complaints is to be considered. An examination thereof reveals the fact that they contain every allegation necessary to constitute causes of action against the state.

■ Briefly, the allegations are that the Secretary of State as such demanded of respondents the payment of moneys under and pursuant to the so-called California Cor-

poration License Tax Act on penalty of having their right to transact business within the state forfeited if they failed so to do; that in order to avoid such forfeitures the moneys were paid under protest to the Secretary of State, who in turn paid them forthwith to the State Treasurer; that the act under which the moneys were collected is void; that demand for a refund was made and refused, and that the moneys were due and owing to respondents.

Furthermore, it appears that the attorney-general, when he appeared in the cases, was in nowise misled as to his defense, for he pleaded by way of answer, and before the substitution of parties was made, that the actions were barred by the provisions of the said act of 1893, which specifically provides for the maintenance of actions against the state itself, and makes available to the state a plea that actions brought under the terms of said act must be brought within a period of two years after the causes of action accrue.

In the case of *Smith* v. *Reeves,* 178 U. S. 436 [44 L. Ed. 1140, 20 Sup. Ct. Rep. 919, 920, see, also, Rose's U. S. Notes] —an action brought against the defendant as treasurer of the State of California for the return of taxes illegally collected—Mr. Justice Harlan said: ''Is this suit to be regarded as one against the State of California? The adjudged cases permit only one answer to this question. Although the State, as such, is not made a party defendant, the suit is against one of its officers as Treasurer; the relief sought is a judgment against that officer in his official capacity; and that judgment would compel him to pay out of the public funds in the treasury of the State a certain sum of money. . . . The action is not one to recover specific moneys in the hands of the State Treasurer nor to compel him to perform a plain ministerial duty. It is to enforce the liability of the State to pay a certain amount of money on account of the payment of taxes alleged to have been wrongfully exacted by the State from the plaintiffs. Nor is it a suit to enjoin the defendant from doing some positive or affirmative act to the injury of the plaintiffs in their persons or property, but one in effect to compel the State, through its officer, to perform its promise to return to taxpayers such amount as may be adjudged to have been taken from them under an illegal assessment.''

In commenting upon this case appellant contends that it was a suit against the state, not because it was a suit against a state officer, but because the treasurer was authorized by the law under which the suit was brought to appear and defend such action. We find, however, nothing in the decision of the court to warrant such conclusion.

On the question of the orders of substitution being void, several cases are cited which either authorize the making of such orders or approve the filing of an amended complaint properly naming the real party defendant, even after the statute of limitations has run. (*Thompson* v. *Southern Pac. Co.*, 180 Cal. 730 [183 Pac. 153]; *Walsh* v. *Decoto*, 49 Cal. App. 737 [194 Pac. 298, 300]; *Craig* v. *San Fernando Furniture Co.*, 89 Cal. App. 172 [264 Pac. 784].)

In the Walsh case the court concluded its opinion with these words: "There is abundance of authority that the court may so act on its own motion in furtherance of justice." Furtherance of justice in the instant case demands that the action of the trial court in making the orders of substitution be affirmed. To rule otherwise would place the state in the decidedly inequitable position of admittedly collecting moneys under a void statute but denying relief, although the parties entitled thereto had pursued as nearly as possible in view of upper court decisions the remedial procedure provided for in such cases.

As to evidence of the alleged noncompliance with the terms of the act of 1893, by way of filing an undertaking and serving summons, the record before this court is entirely silent, the transcript consisting merely of the complaints, answers, orders of substitution, findings and judgments. These matters, however, are immaterial if our first conclusion herein is correct, namely, that the actions were in effect actions against the state itself, for the attorney-general voluntarily appeared and submitted to the jurisdiction of the court.

Likewise, if our first conclusion is correct, the final point raised on appeal is without merit—that is, that the appearances having been made more than two years after the original actions were filed, such actions are barred by the statute of limitations. If the actions were, as held herein, actions against the state itself, they were not barred by the statute of limitations, because they were brought within two

years from the date the causes of action accrued. The time of appearance is not material.

The judgments appealed from are affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 20, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 19, 1931.